ZORRILLA, DEMANDANTE Y APELANTE, *v.* ORESTES ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cumplimiento de contrato y opción de venta en su caso.

No. 2207.—Resuelto en julio 15, 1920.

COSTAS CIVILES—HONORARIOS DE ABOGADO—DISCRECIÓN JUDICIAL.—Consideradas las leyes sobre costas de marzo 12, 1908 y la No. 38 de 1917, es preciso concluir que la intención de la legislatura fué que las costas y honorarios en todos los casos fuera una cuestión discrecional en la corte sentenciadora, y que habiendo quedado, por tanto, derogado el artículo 328 del Código de Enjuiciamiento Civil, en Puerto Rico no existen las costas como cuestión de derecho.

ID.—DISCRECIÓN JUDICIAL.—No comete abuso de discreción una corte que se niega

a conceder costas a una parte por el hecho de que la otra parte hubiera formulado y discutido formalmente una excepción previa a la demanda habiéndose allanado cuando le fué desestimada la excepción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. S. Alegría.*

Abogados de los apelados: *Sres. A. A. Nava, F. de la Torre, J. Ramírez Santibáñez, y J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En enero 30 de 1920 la Corte de Distrito de San Juan, Sección Primera, dictó sentencia a favor del demandante sin especial condenación de costas quien interpuso apelación reclamando tales costas como cuestión de derecho y alegó en segundo término que si la corte tenía discreción abusó de ella. En diciembre 16 de 1919 y con anterioridad a la sentencia, el apelante había presentado una moción solicitando que se dictara sentencia con costas y honorarios, que la corte había declarado sin lugar en el ejercicio de su discreción según manifestó. El apelante alegó haberse cometido error al declarar sin lugar la moción, así como en la sentencia. Ambos errores alegados envolvían las mismas cuestiones legales. Para sostener la teoría de que las costas en este caso debían concederse como cuestión de derecho, el apelante cita el artículo 328 del Código de Enjuiciamiento Civil.

Los artículos 327, 330 y los artículos 328 y 331 como quedaron enmendados por la ley de marzo 1º. de 1905, prescriben lo siguiente:

"Artículo 327.—La cuantía y forma de pago de los honorarios de los abogados y consultores se deja al convenio expreso o tácito de las partes; pero las partes en pleitos o procedimientos tendrán derecho a las costas y a los desembolsos, según más adelante se dispone.

"Artículo 328.—Desde luego se concederán las costas al demandante, al dictarse fallo en su favor, en los casos siguientes:

1. En un pleito sobre reivindicación de propiedad real;

2. En un pleito para obtener la posesión de propiedad personal;

3. En un pleito para cobro de dinero que no consista de reclamación de daños y perjuicios;

4. En un procedimiento especial;

5. En un pleito que comprenda el título o posesión de propiedad real o la legalidad de una contribución, impuesto, importe de una valoración, o multa municipal.''

''Artículo 330.—Se concederán en todo caso las costas al demandado que obtuviere fallo en su favor en los pleitos mencionados en el artículo 328, y en procedimientos especiales.

''Artículo 331.—En los pleitos no mencionados en el artículo 328 del citado Código de Enjuiciamiento Civil, pueden concederse las costas o no y si se concedieran pueden distribuirse proporcionalmente entre las partes demandantes o demandadas, según el caso, a discreción de la corte.''

Sin embargo, en el año 1908 la Legislatura aprobó la siguiente ley:

''Sección 1ª.—Los artículos 327 y 339 del Código de Enjuiciamiento Civil se entenderán y quedan redactados en adelante en la forma siguiente:

' ''Sección 327.—Las partes en pleitos o procedimientos tendrán derecho a las costas y desembolsos que en ellos se les hayan irrogado, con sujeción a las reglas que más adelante se establecen. En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de $500, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios; *Disponiéndose,* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogados se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad, si la hubiera, de la parte condenada por la sentencia.'

' ''Sección 339.—Las costas se reclamarán por la parte a la que hayan sido concedidas, entregando al secretario de la corte, dentro de los diez días siguientes al en que se haya hecho firme la sentencia o decisión que haya puesto fin al asunto un *memorandum* de dichas costas, de los desembolsos necesarios hechos en el pleito por el reclamante y del montante de la minuta de honorarios de su le-

trado. La veracidad de ese memorandum deberá ser jurada por la parte o su abogado; * * * *Disponiéndose,* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogado se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento.'

"Sección 2.—Toda ley o parte de la misma que se oponga a la presente, queda derogada."

También en el año 1917 la Legislatura aprobó la Ley No. 38, la cual prescribe lo siguiente:

"Sección 1ª.—El artículo 327 del Código de Enjuiciamiento Civil, queda enmendado en la siguiente forma:

" 'Sección 327.—Las partes en acciones o procedimientos, incluyendo el Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

" 'En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta sección, se entenderá que concede honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento,. teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia.'

"Sección 2ª.—Toda ley o parte de ley en conflicto con la presente queda derogada."

Considerada la ley de 1908 y la de 1917 llegamos a la conclusión de que fué la clara intención de la Legislatura derogar todas las leyes relativas a costas que eran incompatibles con las disposiciones contenidas en el artículo 327 como fué enmendado. Tanto en la ley de 1908 como en la de 1917 la Legislatura dice "en todos los casos" en que se hayan concedido a una parte las costas, etc., y se prescribe

además en cada una de estas leyes que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia. Entendemos y siempre hemos entendido, que la idea de la Legislatura al aprobar la ley de 1908 era hacer que las costas y honorarios en todos los casos fuera una cuestión discrecional en la corte sentenciadora. En otras palabras que la Legislatura procuraba hacer la cuestión de costas y honorarios prácticamente lo que había sido en las cortes locales con anterioridad al año 1904. En su consecuencia el artículo 328 del Código de Enjuiciamiento Civil quedó derogado y las costas como cuestión de derecho (*as of course*) no existen en Puerto Rico.

El apelante también sostiene firmemente que hubo abuso de discreción por parte de la corte sentenciadora. No vemos que esto haya sido así. Los apelados presentaron una excepción previa a la demanda en la que discutieron formalmente que la opción que ellos o su causante habían dado no podía ser transferida a una tercera persona y durante la vista de esta apelación el abogado de los apelados llamó la atención a otras cuestiones de derecho que no nos parecieron frívolas. Cuando la excepción previa fué desestimada los demandados comparecieron y se sometieron a la sentencia.

Por tales circunstancias no vemos que haya razón por la cual debemos intervenir en la discreción de la corte sentenciadora como fué ejercitada, debiendo confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.