CANDAL ET AL., DEMANDANTES Y APELADOS, *v.* VARGAS ET AL.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre impugnación de elecciones.

MOCIÓN sobre reconsideración de sentencia.

No. 2418.—Resuelto en junio 23, 1921.

COSTAS Y HONORARIOS DE ABOGADO—DISCRECIÓN JUDICIAL—IMPUGNACIÓN DE ELECCIONES.—La concesión de costas y honorarios de abogados es materia de discreción judicial exclusivamente, aún en procedimientos especiales como la impugnación de elecciones.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. Soto Rivera y L. Feliú.*

Abogado de los apelados: *Sr. R. Cuevas Zequeira.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por nuestra sentencia de 20 de mayo último revocamos la que había dictado la corte inferior en este pleito sobre impugnación de elecciones y dictamos otra declarando sin lugar la demanda sin especial condena de costas. En vista de esta última declaración los demandados nos han presentado moción solicitando que reconsideremos nuestra sentencia en cuanto a las costas para que se las impongamos a los demandantes con más el pago de los gastos, desembolsos y honorarios de abogado, fundándose en que siendo este pleito un procedimiento especial tienen derecho de acuerdo con el artículo 330 del Código de Enjuiciamiento Civil en relación con el 328 del mismo cuerpo legal a tal condena para los demandantes. Estos se opusieron a la moción.

No hay duda alguna de que la impugnación de elecciones

es un procedimiento especial, y así lo hemos declarado en el caso de *Pérez* v. *López,* 18 D. P. R. 651, por lo que sin detenernos más en este punto consideraremos la cuestión de las costas y honorarios de abogado.

Como hemos visto los demandados reclaman la condena para los demandantes en costas y honorarios de abogado como una cuestión de derecho y se fundan en que el artículo 328 del código citado se las concede al demandante y el 330 al demandado en los casos del artículo anterior, cuando obtuvieren sentencia a su favor, siendo uno de esos casos en los procedimientos especiales.

Esa cuestión ha sido considerada y resuelta por nosotros en relación con las varias enmiendas del artículo 327 y con la Ley No. 38 de 12 de abril de 1917, vigente cuando comenzó este pleito, en el caso de *Zorrilla* v. *Orestes,* 28 D. P. R. 746, y llegamos a la conclusión de que "fué la clara intención de la Legislatura derogar todas las leyes relativas a costas que eran incompatibles con las disposiciones contenidas en el artículo 327 como fué enmendado. Tanto en la ley de 1908 como en la de 1917 la Legislatura dice 'en todos los casos' en que se hayan concedido a una parte las costas, etc., y se prescribe además en cada una de estas leyes que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia. Entendemos y siempre hemos entendido, que la idea de la Legislatura al aprobar la ley de 1908 era hacer que las costas y honorarios en todos los casos fuera una cuestión discrecional en la corte sentenciadora. En otras palabras que la Legislatura procuraba hacer la cuestión de costas y honorarios prácticamente lo que había sido en las cortes locales con anterioridad al año 1904. En su consecuencia el artículo 328 del Código de Enjuiciamiento Civil quedó derogado y las costas como cuestión de derecho (*as of course*) no existen en Puerto Rico."

No tienen pues razón los demandados de que como cuestión de derecho deban ser condenados los demandantes al pago de las costas, desembolsos y honorarios de abogado y su moción de reconsideración de la sentencia debe ser negada.

*Declarada sin lugar la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.