EL PUEBLO, POR QUERELLA DE RAMÓN SALGADO, DEMANDANTE Y APELADO, *v.* LÓPEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en procedimiento de *Quo Warranto* (memorándum de costas.)

No. 2568.—Resuelto en marzo 24, 1922.

*Quo Warranto*—HONORARIOS DE ABOGADO—DISCRECIÓN JUDICIAL.—De acuerdo con la enmienda introducida en abril 12, 1917 al artículo 327 del Código de Enjuiciamiento Civil, las cortes de distrito tienen facultad discrecional para conceder costas y honorarios a cualquiera de las partes que resulte vencedora en un procedimiento de *quo warranto.*

ID.—HONORARIOS EXCESIVOS *Prima Facie*—DISCRECIÓN JUDICIAL.—Cuando los autos del memorándum muestran que los honorarios concedidos son excesivos el Tribunal Supremo revisará la discreción de la corte inferior aun cuando la prueba no haya sido incluída en la transcripción.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. M. F. Rossy.*
Abogado del apelado: *Sr. A. Lastra.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente es una apelación contra una resolución aprobando un memorándum de costas. Las objeciones que por

escrito se hicieron al memorándum solamente lo impugnaron
por el fundamento de ser excesivo, pero la exposición del
caso muestra que el apelante negó el derecho del peticionario
en un procedimiento de *quo warranto* a obtener honorarios
de abogado y la cuestión puede considerarse que es juris-
diccional. El apelante tuvo derecho al alegar que la Ley
de *Quo Warranto* considerada en sí sólo concedía honorarios
de abogado a un demandado en favor de.quien se dicte sen-
tencia. Sin embargo, en abril 12, 1917, la Legislatura en-
mendó el artículo 327 del Código de Enjuiciamiento Civil
de modo que quedara redactado como sigue:

"Sección 327.—Las partes en acciones o procedimientos, inclu-
yendo El Pueblo de Puerto Rico, tendrán derecho a las costas y
desembolsos, sujeto a las reglas que más adelante se prescriben.

"En todos los casos en que se hayan concedido a una parte las
costas en una acción o procedimiento en la corte de distrito, dicha
parte, a discreción de la corte de distrito, tendrá derecho a recibir
de la parte vencida, una cantidad que represente el valor de los ser-
vicios de su abogado o una parte de dicha cantidad; *Disponiéndose,*
que nada de lo contenido en esta Sección, se entenderá que concede
honorarios de abogado para ser incluídos en las costas que se im-
pusieren a un demandado que no hubiere radicado su comparecencia
en una acción o procedimiento; *Y disponiéndose, además,* que los
honorarios y costas serán concedidos a discreción del juez que tenga
conocimiento de la acción o procedimiento, teniendo en cuenta tam-
bién el grado de culpa de la parte, si la hubiere, contra quien se
dictare sentencia."

Nos sentimos obligados a declarar que esta era una ley
de aplicación general y que la intención de la Legislatura
fué incluir todos los casos en los cuales no aparecía clara-
mente una intención diferente. No encontramos tal inten-
ción diferente en la legislación de la Isla. Llegamos a una
conclusión semejante en el caso de *Candal* v. *Vargas,* 29 D.
P. R. 648. El apelante, sin embargo, insiste en que los hono-
rarios concedidos eran excesivos y nos cita el caso de *Ber-*

*trán* v. *Carrasquillo,* 29 D. P. R. 559. Generalmente para revisar la discreción de la corte inferior al conceder honorarios de abogado debemos estar en condiciones de ver que claramente se ha abusado de la discreción. En el caso de *Lassalle* v. *Hilla,* 29 D. P. R. 503, resolvimos que este tribunal no intervendría con la discreción de la corte al negarse a conceder honorarios de abogado, a menos que tuviéramos la prueba ante nos. Cuando en cambio los autos revelan que los honorarios son excesivos, sea cual fuere la naturaleza de la prueba, no tenemos necesidad de tener que estar precisamente en la misma situación en que estaba la corte inferior. En el caso de Carrasquillo, *supra,* si bien la prueba no fué transcrita estábamos en condiciones de poder ver claramente que un solo día de juicio con otras comparecencias no justificaba una concesión de $1,000. En el presente caso el apelante ha traído una exposición del caso de donde aparecen numerosas comparecencias del abogado del peticionario, pero sin traer toda la prueba. Esta, sin embargo, fué sencilla por su naturaleza como lo muestran las alegaciones. Considerado todo el caso estamos convencidos que si bien el trabajo del peticionario fué arduo por razón de la naturaleza de la cuestión legal envuelta y de las varias mociones del apelante, sin embargo que $1,500 por honorarios de abogado haría pensar en una cantidad de trabajo mucho mayor a la realizada en este caso.

La suma concedida debe rebajarse a $1,000, y modificada así la resolución apelada deberá confirmarse.

> *Confirmada la resolución apelada pero modificándola en el sentido de rebajar a mil dólares los honorarios de abogado.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Aldrey y Hutchison.