FORÉS, DEMANDANTE Y APELADO, *v.* BALZAC, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización; memorándum de costas.

No. 2480.—Resuelto en abril 21, 1922.

MEMORÁNDUM DE COSTAS—JUEZ COMPETENTE PARA APROBAR EL MEMORÁNDUM.—Condenada una parte al pago de costas no puede concluirse que la resolución aprobando el memorándum de costas sea errónea por el hecho de haber sido dictada por un juez que no fué el que dictó la sentencia condenatoria.

DAÑOS Y PERJUICIOS POR LIBELO—COSTAS—HONORARIOS DE ABOGADO.—Toda vez que la sección 7ª. de la Ley de 1902 autorizando pleitos de daños y perjuicios por libelo y calumnia dispone imperativamente que la sentencia que se dicte a favor del demandante incluirá los honorarios de su abogado, el hecho de que respecto de ellos nada exprese la sentencia en este caso no impediría que figuraran en el memorándum y que fueran aprobados. Pero es que según la interpretación que ha dado el Tribunal Supremo a las Leyes Nos. 15 y 38 de 1917 en los casos de *Zorrilla v. Orestes,* 28 D. P. R. 746; *Candal v. Vargas,* 29 D. P. R. 648; *Betancourt v. Junta de Subastas,* y *El Pueblo etc. v. López,* resuelto estos dos últimos casos en 20 y 24 de marzo de 1922, la condena de costas y honorarios es discrecional en toda clase de acciones civiles; y como según lo resuelto en los casos de *Brac v. Ojeda,* 27 D. P. R. 652, y de *Ramírez v. American Railroad Co.,* 28 D. P. R. 182, la condena de costas incluye honorarios de abogado, a menos que se hayan excluído expresamente, habiendo

sido condenado el apelante a pagar costas no puede sostenerse que es errónea la resolución aprobando la partida de honorarios reclamados en el memorándum.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. A. Vázquez.*

Abogado del apelado: *Sr. B. Forés.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante fué condenado en pleito sobre indemnización por palabras injuriosas vertidas por él a pagar al demandante cierta cantidad y las costas, gastos y desembolsos del demandante. Presentado por éste su memorándum de costas fué aprobado. Contra esta resolución se ha interpuesto el presente recurso.

La resolución apelada fué dictada por un juez distinto del que presidía la corte cuando el pleito fué fallado y fundándose en esto alega el apelante que carecía de competencia para resolver sobre las costas porque el único que podía aprobar el memorándum era el juez que conoció del juicio porque oyó la prueba y era quien podía determinar si hubo o no culpabilidad en la parte demandada.

No tiene razón el apelante en esta alegación de error porque la cuestión de si el demandado debía pagar las costas fué resuelta por la sentencia del juez que oyó la prueba y la resolución apelada se limitó a fijar la cuantía de ellas partiendo de la base de la condena.

También alega el apelante que puesto que la sentencia no contiene la condena expresa de pagar honorarios de abogado no puede ser aprobada esa partida del memorándum toda vez que la sección séptima de la Ley de 1902 autorizando pleitos civiles por daños y perjuicios por libelo y calumnia dispone que la sentencia contra el demandado incluirá las costas y honorarios de abogado.

De acuerdo con la cita hecha por el apelante y toda vez que en esa sección se dispone que la sentencia que se dictare

a favor del demandante incluirá los honorarios de abogado, precepto que es imperativo, el hecho de que respecto de ellos nada diga expresamente la sentencia no impediría que figuraran en el memorándum y que fueran aprobados. Pero es que según hemos interpretado las Leyes Nos. 38 y 15 del año 1917, tomos primero y segundo, en los casos de *Zorrilla* v. *Orestes,* 28 D. P. R. 746; *Candal* v. *Vargas,* 29 D. P. R. 648; *Betancourt* v. *Junta de Subastas,* y *El Pueblo de Puerto Rico por querella de Ramón Salgado* v. *Pedro López,* resueltos estos dos casos respectivamente en 20 y 24 de marzo de este año, la idea de la Legislatura desde la aprobación de esas leyes fué que la condena de costas y honorarios de abogado era discrecional en las cortes en toda clase de acciones civiles; y como también hemos declarado en el caso de *Brac* v. *Ojeda,* 27 D. P. R. 658, y ratificamos en el de *Ramírez* v. *American Railroad Company,* 28 D. P. R. 182, al considerar dichas leyes, que la condena de costas incluye los honorarios de abogado a menos que el juez los excluya, habiendo sido condenado el apelante a pagar las costas estaban incluídas en éstas los honorarios de abogado y por tanto la corte inferior no cometió error al aprobar esa partida del memorándum.

Alega por último el apelante que dos partidas aprobadas, una por indemnización a cuatro testigos y otra por sus citaciones son demasiado generales pues no dicen dónde fueron citados ni quiénes de ellos han cobrado la indemnización.

Como esos datos han de resultar de los autos no creemos que haya que hacer la especificación que el apelante echa de menos. De todos modos, debió pedir, y no lo hizo, que se especificaran tales partidas.

La resolución apelada debe ser confirmada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la vista de este caso.