William A. McEvoy, demandante y apelante, v. Mariano Daniel Antonio Nadal Lugo, representado por su madre Ramona Lugo, y ésta además personalmente, demandados. y apelados.

No. 3628.—*Visto:* Junio 24, 1925. *Resuelto:* Julio 30, 1925.

Costas—Naturaleza, Fundamentos y Extensión del Derecho en General—Desistimiento de la Acción por el Demandante.—Si bien las cortes de distrito carecen de discreción en cuanto a la imposición de costas cuando el demandante desiste de su acción, la tienen sin embargo para comprender o no en las costas los honorarios de abogado y para graduar su cuantía.

Sentencia de *Angel Acosta,* J. (Mayagüez), teniendo al demandante por desistido de su acción, y condenándole al pago de costas. *Confirmada, modificándola.*

*Alemañy & Ramírez,* abogados del apelante; *Angel A. Vázquez,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La cuestión a resolver en este caso es la de si cuando un demandante desiste de su acción antes del juicio, la corte tiene o nó facultad para eximirlo del pago de las costas causadas a la parte contraria, o al menos del pago de los honorarios del abogado de la dicha parte contraria.

El pleito se inició por Abelardo González en cobro de pesos, alegándose que González era el apoderado de W. A. McEvoy. Se enmendó la demanda en el sentido de hacer figurar a W. A. McEvoy, representado por su apoderado González como demandante. Volvió a enmendarse por estipulación de las partes compareciendo solo el acreedor W. A. McEvoy. Por último y debido a las dudas que levantó en la mente del abogado del demandante la jurisprudencia establecida por esta Corte Suprema en el caso de *J. Ochoa y Hermano* v. *José González Clemente y Co.,* 29 D.P.R. 1015, solicitó el demandante que se le tuviera por desistido sin costas y sin perjuicio del derecho del acreedor a radicar de nuevo personalmente su acción. La corte accedió, dictando sentencia el 5 de febrero de 1925. Notificado de ella el de-

mandado, pidió a la corte que enmendara su sentencia condenando en costas al demandante, y la corte también accedió dictando la nueva sentencia de 27 de febrero de 1925,
que ha sido objeto de esta apelación.

El art. 192 del Código de Enjuiciamiento Civil, en lo pertinente, dice:

"Art. 192.   Se podrá desistir de una demanda, o declararse abandonada en los casos siguientes:

"1. Por el mismo demandante en cualquier tiempo antes del juicio, previo pago de costas;   *   *   *  "

En el caso de *Candal* v. *Vargas,* 29 D.P.R., 648, se resolvió que "la concesión de costas y honorarios de abogados
es materia de discreción judicial exclusivamente, aun en procedimientos especiales como la impugnación de elecciones."
El caso anterior se basó en el de *Zorrilla* v. *Orestes,* 28 D.
P.R. 746 en el que se hizo un estudio de la ley de 1908 sobre costas (Comp. 5371) y de la No. 38 de 1917 (1917(1) p.
207) sobre la misma materia, comparándolas con las prescripciones del Código de Enjuiciamiento Civil de 1904, que
guardan relación con ellas, concluyéndose que la Legislatura
procuró "hacer la cuestión de costas y honorarios prácticamente lo que había sido en las cortes locales con anterioridad al año 1904." Se concluyó además que "el artículo
328 del Código de Enjuiciamiento Civil quedó derogado y
las costas como cuestión de derecho (*as of course*) no existen en Puerto Rico."

No obstante lo amplio de esa jurisprudencia, entendemos
que está en vigor la disposición del art. 192 del Código de
Enjuiciamiento Civil que dejamos transcrita.   La mente del
tribunal estuvo fija en pleitos o procedimientos decididos a
virtud de sus méritos o en los que hubo contienda.   En
cuanto al desistimiento, es una condición que impone la ley
que puede y debe subsistir.

Ahora bien, atendidos la letra y el espíritu de las nuevas
leyes sobre la materia, creemos que si bien la corte de dis

trito carece de discreción en el caso de que se trata en cuanto a la imposición de las costas, la tiene para comprender o nó en ellas los honorarios de abogado y para graduar su cuantía.

Juzgando las circunstancias que concurren en el caso concreto sometido a nuestra consideración, creemos que la parte demandante no ha sido temeraria y que ha querido ajustarse a la jurisprudencia establecida para ejercitar su acción en debida forma. Tiempo habrá en el nuevo pleito que entable, de juzgar acerca de la justicia o injusticia de su reclamación. Siendo ello así y habiendo en consideración el propio juicio de la Corte de Distrito revelado por su primera sentencia, *se modifica el pronunciamiento apelado de modo que lea como sigue: "y condenando a dicho demandante al pago de las costas, sin comprender en ellas honorarios de abogado," y así modificada, debe confirmarse la sentencia recurrida.*