El Pueblo de Puerto Rico a instancias de Eugenio Padilla Ríos, Tomás Oramas López, Pablo Coronado Larracuenta, José Frontera Maristany, Modesto Rivera Domefuch, Francisco Martínez Rodríguez, Felipe Nery Quiñones y José Casta Fornés, peticionarios y apelantes, *v.* Joaquín Oms Sulsona, Alfredo López López, Mateo S. Rivera, Juan Miró Barneset, Juan S. Martínez, Joaquín González Ríos, Simón Simonetti y Pablo Torrellas, demandados y apelados.

No. 3882.—*Visto:* Abril 15, 1926. *Resuelto:* Julio 15, 1926.

1. Quo Warranto—Jurisdicción, Procedimientos y Remedio—De las Costas del Procedimiento—Derecho a Ellas—Honorarios de Abogado del De-

MANDADO.—Según la Ley de 1902 relativa al procedimiento de *quo warranto* (Comp. 1324), e independientemente de cualquier cuestión de temeridad, un demandado en dicho procedimiento tiene derecho a una suma razonable por concepto de honorarios de abogado.

2. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—HONORARIOS DE ABOGADOS.—Atendidas las circunstancias del caso de autos y la cantidad concedida como honorarios, ésta se redujo a $300 como una cantidad razonable por los servicios prestados.

RESOLUCIÓN de *Charles E. Foote, J.* (Mayagüez), aprobando memorándum de costas. *Modificada y confirmada.*

*Benet & Souffront,* abogados de los apelantes; *Luis Muñoz Morales,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los apelantes, quienes fueron condenados a pagar las costas, apelan de la resolución de la corte inferior y alegan que la cantidad concedida por concepto de honorarios de abogados es excesiva. El procedimiento objeto de estas costas fué un *quo warranto* entablado con el consentimiento del Attorney General. En el caso original la corte de distrito dictó sentencia a favor de los demandados porque creyó que el *certiorari* era el remedio exclusivo. Resolvimos que el *certiorari* no era el único remedio, pero confirmamos la sentencia de la corte inferior, basándonos en el hecho de que la petición, de acuerdo con la Ley de Elecciones, fué presentada demasiado tarde. *El Pueblo* v. *Oms,* 34 D.P.R. 455.

De modo que aparece que los apelantes tenían el consentimiento del Attorney General para presentar la citada petición y solamente dejaron de obtener una vista sobre los méritos, debido a que la acción había prescrito, pues debió haber sido presentada dentro de los quince días de haberse anunciado el resultado de las elecciones.

[1, 2] Convenimos con los apelados, sin embargo, que independientemente de cualquier cuestión de temeridad, según la ley de 1902, Estatutos Revisados, Sección 1324, rela-

tiva al procedimiento de *quo warranto,* un demandado tiene derecho a una suma razonable por concepto de honorarios de abogados.

Esta sección dice así:

"Siempre que se pronuncie alguna sentencia a favor de algún demandado, éste recobrará del demandante las costas, incluyendo una suma razonable para honorarios de abogado."

En el caso de *El Pueblo, por querella de Ramón Salgado* v. *López,* 30 D.P.R. 259, la corte inferior había concedido honorarios de abogados al peticionario en un procedimiento de *quo warranto* y se alegaba que solamente el demandado tenía derecho a tales honorarios de abogado de acuerdo con la citada Ley de 1902. Nos sentimos obligados a declarar que el artículo 327 del Código de Enjuiciamiento Civil era una ley de aplicación general y que la intención de la Legislatura fué incluir todos los casos en los cuales no aparecía claramente una intención diferente. En otras palabras que un peticionario también tenía derecho a honorarios de acuerdo con la ley en general. Esta resolución nuestra no milita contra la intención de la Legislatura de que de acuerdo con la mencionada Ley de 1902 debía concederse una cantidad razonable por concepto de honorarios de abogados al demandado cuyo derecho a poseer un cargo había sido atacado sin éxito alguno. Generalmente es de interés para el público que los oficiales estén en función.

Estaba dentro de las atribuciones de cada parte en este caso saber que el procedimiento de *quo warranto* fué iniciado demasiado tarde. Por consiguiente, los méritos de la reclamación del peticionario no pueden desempeñar un gran papel. El demandado pudo defenderse simplemente alegando la prescripción, pero de todos modos se vió obligado a utilizar los servicios de un abogado. Bajo todas las circunstancias expuestas, creemos que $300 es una cantidad razonable por tal concepto.

*La cantidad concedida debe ser reducida a $300 y después de modificada la sentencia debe ser confirmada.*

El Juez Presidente Señor del Toro disintió.