EL PUEBLO DE PUERTO RICO a requerimiento de DIONISIO TRIGO et al., demandantes y apelados, *v.* EL BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, INC., et al., demandados y apelantes; EL PUEBLO DE PUERTO RICO a requerimiento de DIONISIO TRIGO et al., demandantes y apelantes *v.* EL BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, INC., et al., demandados y apelados.

Nos. 4005 y 4007.—*Vistos:* Diciembre 8, 1926. *Resueltos:* Febrero 23, 1927.

1. BANCOS Y OPERACIONES BANCARIAS—"CONTROL" Y REGLAMENTACIÓN EN GENERAL—PRECEPTOS ESTATUTORIOS.—La Ley No. 18 de 1923 (2) p. 83, es aplicable a las sociedades anónimas que, organizadas y constituídas de acuerdo con el Código de Comercio, actualmente se dedican a los negocios de banca.

2. QUO WARRANTO—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—DE LAS COSTAS DEL PROCEDIMIENTO—DERECHO A ELLAS—HONORARIOS DE ABOGADO DEL DEMANDADO.—Declarada sin lugar solicitud o querella de *quo warranto*, la imposición de costas incluyendo honorarios de abogado es estatutoria, independientemente de toda discreción judicial.

3. QUO WARRANTO—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—DE LAS COSTAS DEL PROCEDIMIENTO—HONORARIOS DE ABOGADO—FIJACIÓN DE LA CUANTÍA.—No estando el procedimiento de *quo warranto* limitado por la ley general de costas de 1917 no rige el procedimiento en dicha ley para fijarlas y no es necesaria la presentación de un memorándum de costas.

4. QUO WARRANTO—JURISDICCIÓN, PROCEDIMIENTO Y REMEDIO—APELACIÓN—REVI-

---

[1] Véase la opinión disidente del Juez Wolf que se inserta al final del tomo.

SIÓN—COSTAS DEL PROCEDIMIENTO.—Dada la relativa importancia del trabajo realizado en el .caso de autos, se resolvió fijar como suma razonable para honorarios de abogado la cantidad de $300.

SENTENCIAS de *Miguel A. Muñoz*, J. (San Juan), declarando sin lugar las solicitudes de *quo warranto*, sin costas. *Revocada* la dictada en el primer caso en la parte que fué apelada, o sea en su pronunciamiento relativo a costas y *confirmada* la dictada en el segundo caso en cuanto por ella se declaró no haber lugar al *quo warranto* solicitado.

*Juan de Guzmán Benítez*, abogado del Banco apelante en el primer caso y *F. Soto Gras* y *R. Díaz Collazo*, abogados de los relatores apelantes en el segundo; *Francisco Soto Gras* y *Juan de Guzmán Benítez*, abogados de los apelados en los casos mencionados, respectivamente.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El Attorney General, a nombre del Pueblo de Puerto Rico, radicó a instancia de los relatores Dionisio Trigo y otros, este procedimiento de *quo warranto* contra los demandados, solicitando: (*a*) que la conversión del Banco Territorial y Agrícola de Puerto Rico, sociedad anónima, en corporación, y el certificado de incorporación expedido por el Secretario Ejecutivo de Puerto Rico son ilegales por no estar autorizados por la ley de bancos, que prohibe la incorporación de personas jurídicas y que está usurpando la franquicia primaria de su incorporación; (*b*) que si las personas naturales aquí demandadas son las que han recibido la franquicia de ser una corporación, también la poseen ilegal y fraudulentamente, y (*c*) que aún en el supuesto de tener existencia la corporación, ya como sociedad anónima incorporada, bien como forma de asociación de hacer negocios, las personas naturales aquí demandadas están usurpando y violando las franquicias secundarias por no haber cumplido con los requisitos que exige la ley de bancos, perdiendo el derecho de hacerlo, o que se le prohiba que lo haga hasta que cumpla tales requisitos.

Una orden fué expedida por la corte inferior citando a

los demandados para que contestando la querella justificasen en virtud de qué autoridad estaban poseyendo la franquicia de ser corporación, etc.

Los demandados presentaron una moción para anular el auto (*to quash the writ*) y entre otros fundamentos alegaron que ante la misma corte inferior estaban en apelación al Tribunal Supremo dos pleitos, uno de ellos entablado por los peticionarios, en los que están pendientes cuestiones judiciales sobre la validez de la incorporación del banco demandado.

La corte inferior, luego de discutir la moción, dictó sentencia declarando sin lugar la solicitud de *quo warranto,* sin especial condenación de costas.  De esta sentencia apelaron unas y otras partes, basándose la apelación de los demandados solamente en el pronunciamiento de costas.

La corte inferior en una extensa opinión, aunque trata de una indebida acumulación de partes demandadas, funda su sentencia principalmente en no haber comparecido en el acto de la vista el Attorney General ni el fiscal de distrito, no habiéndose dado ninguna razón por la cual debiera excusarse su ausencia.

No tenemos, sin embargo, que entrar a considerar los fundamentos técnicos en que descansa la decisión del juez inferior.

Los méritos de este caso, en relación con las cuestiones primordiales que levanta la petición de *quo warranto,* han quedado considerados y resueltos en los casos Nos. 3805, 3804 y 3883, resueltos en el día de hoy.  La Ley No. 18, aprobada en septiembre 10, 1923, reglamentando los bancos y las operaciones bancarias, etc., la declaramos aplicable al banco demandado y válido y legal el acuerdo de mayo 19, 1924, adoptado en junta extraordinaria de sus accionistas, determinando la incorporación del banco.

[2] Los demandados se quejan, por otro lado, de no haber impuesto el juez inferior todas las costas a los deman-

dantes, incluyendo una suma razonable para honorarios de abogado.

Los demandantes, para combatir tal pretensión, citan los casos de *Candal* v. *Vargas,* 29 D.P.R. 648; *El Pueblo* v. *López,* 30 D.P.R. 260; *Forés* v. *Balzac,* 30 D.P.R. 370, y *El Pueblo* v. *Oms Sulsona,* 35 D.P.R. 756.

La proposición de los demandantes es que en los casos citados esta corte ha interpretado la ley general de costas en relación con el procedimiento de *quo warranto* en sentido de que después de la enmienda del artículo 327 del Código de Enjuiciamiento Civil por la ley No. 38, aprobada en abril 12, 1917, las costas incluyen honorarios de abogado y "en todos los casos" su concesión es discrecional. Sin embargo, en el caso de *El Pueblo* v. *Oms Sulsona, supra,* la cuestión quedó aclarada en términos claros y precisos en contrario al punto de vista general que sostienen los demandantes, en relación con la condena de costas en los procedimientos de *quo warranto,* expresándose esta corte, por voz del Juez Wolf, así:

"Convenimos con los apelados, sin embargo, que independientemente de cualquier cuestión de temeridad, según la ley de 1902, Estatutos Revisados, Sección 1324, relativa al procedimiento de *quo warranto,* un demandado tiene derecho a una suma razonable por concepto de honorarios de abogados:

"Esta sección dice así:

"'Siempre que se pronuncie alguna sentencia a favor de algún demandado, éste recobrará del demandante las costas, incluyendo una suma razonable para honorarios de abogado.'

"En el caso de *El Pueblo, por querella de Ramón Salgado* v. *López,* 30 D.P.R. 259, la corte inferior había concedido honorarios de abogados al peticionario en un procedimiento de *quo warranto* y se alegaba que solamente el demandado tenía derecho a tales honorarios de abogado de acuerdo con la citada Ley de 1902. Nos sentimos obligados a declarar que el artículo 327 del Código de Enjuiciamiento Civil era una ley de aplicación general y que la intención de la Legislatura fué incluir todos los casos en los cuales no aparecía claramente una intención diferente. En otras palabras que un peticionario, también tenía derecho a honorarios de acuerdo

con la ley en general.    Esta resolución nuestra no milita contra la intención de la Legislatura de que de acuerdo con la mencionada Ley de 1902 debía concederse una cantidad razonable por concepto de honorarios de abogados al demandado cuyo derecho a poseer un cargo había sido atacado sin éxito alguno. ,Generalmente es de interés para el público que los oficiales estén en función.''

No estando, pues, limitado el procedimiento de *quo warranto* por la ley general de costas de 1917, claro es que tampoco rige el procedimiento general de la última ley para fijarlas, no siendo necesario la presentación de un memorándum de costas como alegan los demandantes.    La sección 1324 citada es preceptiva y la corte al imponer las costas debe fijar la suma que se considere razonable para honorarios de abogado.

Tal vez pueda aparecer, a primera vista, cierta inconsistencia entre una condena por costas en este procedimiento y lo que hemos resuelto en el día de hoy en los pleitos Nos. 3805, 3804 y 3883, en donde dictamos sentencia sin especial condenación de costas, pero aparte de que en el presente caso la imposición de costas es estatutoria, independiente de toda discreción de la corte, debemos percibirnos que las cuestiones fundamentales que son objeto del *quo warranto* eran las mismas en los casos ya antes mencionados y que estando éstos en apelación ante esta Corte Suprema, hacía innecesario iniciar este procedimiento y los demandantes, por consiguiente, corrieron el riesgo de sufrir las consecuencias que imperativamente les sujetaban, sin discreción por nuestra parte, a una condena de costas.

La cuestión que finalmente quedaría para resolver es la fijación del montante de los honorarios de abogado.    Mientras los demandantes alegan que los servicios del abogado no valen más de $300 a lo sumo, los demandados los fijan en $4,000, alegando la importancia que envuelve la liquidación del banco demandado, que es la pretensión de los demandantes.    En realidad aun cuando reconocemos tal importancia, el trabajo no fué tan arduo pues la querella fué des-

estimada después de una comparecencia en la que solamente fué discutida la moción para anular el auto. Nos sentimos inclinados a resolver, dada la relativa importancia del trabajo realizado en este caso, el fijar como suma razonable para honorarios de abogado la suma de $300.

Por todo lo expuesto *la sentencia en el caso No. 4007 debe confirmarse y en la del No. 4005 debe revocarse imponiendo las costas a los demandantes, incluyendo la suma de $300 para honorarios de abogado.*

El Juez Asociado Señor Hutchison no intervino.

El Juez Asociado Señor Wolf no está conforme con la concesión de costas pero sí con la jurisprudencia en el caso No. 4005 y disintió en el otro.