AURELIA ORTIZ ORTIZ, demandante y apelante, v. CARMEN ORTIZ GARCÍA Y .FRANCISCO ADORNO, demandados y apelados.

No. 4245.—*Sometido:* Noviembre 21, 1928. *Resuelto:* Enero 30, 1929.

*A. Aponte,* abogado del apelante; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Interpuesta demanda de desahucio en la Corte de Distrito de Humacao por Aurelia Ortiz contra Carmen Ortiz y emplazada la demandada ésta se allanó en los siguientes términos:

''Comparece la demandada por conducto de sus abogados González Fagundo & González Jr., y dice:

''Que aunque no es cierto que está detentando la posesión de los inmuebles descritos en la demanda sin pagar canon o merced alguna, según así aparece de los recibos que se acompañan, para evitar el triste espectáculo de un litigio entre una hija y una madre, 'se allana a la demanda.

Y suplica de la corte dicte sentencia declarándola con lugar, sin especial condena de costas.

Al día siguiente de presentado el anterior escrito, que era el señalado para la primera comparecencia, la corte declaró la demanda con lugar decretando el desahucio solici-

tado y ordenando el lanzamiento de la parte demandada dentro del término de ley, sin especial condenación de costas.

No conforme la demandante en cuanto al pronunciamiento sobre costas, apeló. La apelación se interpuso el 7 de marzo de 1927. La transcripción de los autos se archivó el 23 de abril siguiente y el recurso quedó abandonado hasta que este tribunal el 16 de mayo de 1928 citó a la parte apelante para que expusiera razones si algunas tenía de por qué no debía desestimarse el recurso. Compareció en efecto la apelante y pidió que se le permitiera continuar la apelación, archivando al efecto su alegato.

 Sólo un error señala en el mismo, así: "La Corte de Distrito de Humacao erró al no conceder las costas a la demandante." Argumentándolo se limita a invocar el artículo 328 del Código de Enjuiciamiento Civil de 1904 para sostener que, por lo menos las costas que no comprenden honorarios de abogado, en un caso de esta naturaleza, se deben a la parte victoriosa como cuestión de derecho.

Aún cuando se considerara vigente el citado artículo 328 del Código de Enjuiciamiento Civil, sería siempre necesario interpretarlo de acuerdo con el 327 del propio código que ha sido enmendado posteriormente por la Legislatura y que contiene por tanto la última expresión de su pensamiento. "Y disponiéndose además", dice la enmienda de 1917, "que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare la sentencia."

A virtud de ese precepto general las cortes de distrito tienen discreción en todos los casos. Sólo se exceptúan aquéllos especiales en que expresamente pueda disponerse otra cosa y nada en contrario del ejercicio de la discreción dispone la ley especial de desahucio que marcó el procedimiento a seguir en éste que resolvemos.

En *McEvoy v. Nadal Lugo,* 34, D.P.R. 634, esta corte dijo:

"En el caso de *Candal* v. *Vargas*, 29 D.P.R. 648, se resolvió que 'la concesión de costas y honorarios de abogados es materia de discreción judicial exclusivamente, aun en procedimientos especiales como la impugnación de elecciones.' El caso anterior se basó en el de *Zorrilla* v. *Orestes*, 28 D.P.R. 746 en el que se hizo un estudio de la ley de 1908 sobre costas (Comp. 5371) y de la No. 38 de 1917 (1917 (1) p. 207) sobre la misma materia, comparándolas con las prescripciones del Código de Enjuiciamiento Civil de 1904, que guardan relación con ellas, concluyéndose que la Legislatura procuró 'hacer la cuestión de costas y honorarios prácticamente lo que había sido en las cortes locales con anterioridad al año 1904.' Se concluyó además que el 'artículo 328 del Código de Enjuiciamiento Civil quedó derogado y las costas como cuestión de derecho (as of course) no existen en Puerto Rico.''

Analizadas las circunstancias concurrentes, creemos no ya que no se ha demostrado abuso de discreción por parte del juez de distrito, si que aparece que dicho juez hizo buen uso de sus facultades, *debiendo, por tanto, confirmarse la sentencia recurrida.*