CRÉDITO Y AHORRO POPULAR, demandante y apelado, *v.* ANTONIO MOLINI y su esposa BLANCA MARIANI DE MOLINI, demandados y apelantes.

No. 5579.—*Sometido:* Noviembre 25, 1931. *Resuelto:* Noviembre 30, 1931.

*González Fagundo & González, Jr.* y *R. Hernández Matos,* abogados de los apelantes; *Tous Soto & Zapater,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El único error que señala la parte apelante en su alegato es el de que la corte erró al dictar sentencia excluyendo de las costas los honorarios de abogado.

De los autos aparece que este pleito se inició en 1929 contra Antonio Molini en cobro de $680.16 procedentes de intereses de cierta obligación del demandado para con el demandante. Luego se radicó una demanda enmendada haciendo parte a la esposa y fiadora del demandado. Se dictó sentencia por rebeldía que fué anulada, abriéndose el caso de nuevo. Contestó la esposa. Se señaló día para la vista. Y en ese estado el procedimiento, desistió el demandante. La corte dictó sentencia teniéndolo por desistido y decretando el archivo del caso "con las costas a dicha parte demandante, pero sin que las mismas incluyan honorarios de abogado."

Pidieron reconsideración los demandados y la corte oyó a ambas partes. En la audiencia la demandante presentó evidencia consistente en el récord del caso civil No. 5248 iniciado en 1930 por el propio demandante en contra de los demandados y en el cual se reclaman no sólo los intereses si que también el principal de la obligación de que se trata. Juzgando las circunstancias concurrentes, la corte ratificó su criterio y declaró sin lugar la petición.

Sostiene la parte demandada y apelante que la corte debió haber impuesto las costas incluyendo honorarios de abogado por mandato imperativo de la ley, y para el caso de que se estimara que la corte tenía jurisdicción para excluir los honorarios de las costas, alega que abusó de su discreción al excluirlos en este caso.

Examinando la ley y la jurisprudencia aplicables, esta

corte en el caso de *McEvoy* v. *Nadal Lugo,* 34 D.P.R. 634, resolvió que:

"No obstante lo amplio de esa jurisprudencia, entendemos que está en vigor la disposición del art. 192 del Código de Enjuiciamiento Civil que dejamos transcrita. La mente del tribunal estuvo fija en pleitos o procedimientos decididos a virtud de sus méritos o en los que hubo contienda. En cuanto al desistimiento, es una condición que impone la ley que puede y debe subsistir.

"Ahora bien, atendidos la letra y el espíritu de las nuevas leyes sobre la materia, creemos que si bien la corte de distrito carece de discreción en el caso de que se trata en cuanto a la imposición de las costas, la tiene para comprender o no en ellas los honorarios de abogado y para graduar su cuantía."

Lo resuelto sostiene la sentencia apelada. La parte apelante impugna la doctrina del caso de McEvoy, *supra,* pero sus argumentos no nos convencen de que la razón le asista.

Tampoco creemos que la parte apelante ha demostrado el abuso de discreción que imputa al tribunal sentenciador. Los hechos demuestran que no se trataba de un desistimiento arbitrario. A virtud del segundo pleito, llegó a ser innecesario el primero. En el segundo puede la parte demandada, si la razón le asiste, obtener el pleno reconocimiento de su derecho con imposición de costas con honorarios al demandante.

*Debe confirmarse la sentencia recurrida.*