LORENZO RODRÍGUEZ, demandante y apelado, *v.*
TOMÁS COLÓN, demandado y apelante.

No. 5912.—*Sometido:* Enero 20, 1933. *Resuelto:* Enero 26, 1933.

*Pedro G. Quiñones,* abogado del apelante; *J. Ruiz de Val* (en el alegato), abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La presente es una demanda de interdicto para recobrar la posesión de propiedad inmueble en la cual el demandante alega que es dueño y gozaba de la posesión de la siguiente finca:

"URBANA: Solar marcado con el No. 12 del plano de urbanización de parte de la finca Quintana, en el barrio Hato Rey, del término municipal de Río Piedras, con una cabida de 368 metros cuadrados, que se miden en 23.20 metros más o menos por el norte, 25.60 metros por el sur, 15 metros por su frente al este y 15 metros por su fondo, oeste, lindante al norte con solar No. 13 de dicha urbanización, por el sur con el solar No. 11, propiedad del aquí demandado Tomás Colón, por el este con la calle España y por el oeste con terrenos de Petra Latorre."

Alega además el demandante que allá para el día 5 de marzo de 1931, el demandado, auxiliado por otra persona que actuaba bajo su mando y dirección, removió un estante de pichipén que existía como punto divisorio entre el solar antes descrito en el ángulo que forma la esquina sudoeste del mismo y clavó dicho estante en un nuevo hoyo que hizo dentro del descrito solar del demandante, veinte centímetros retirado de la colindancia sur del mismo, alterando la cerca que por dicha colindancia separa dicho solar de otro del demandado, y despojando al demandante de la posesión de una faja de terreno que se describe así:

"Faja de terreno en el barrio Hato Rey, de Río Piedras, urbanización Quintana, de forma triangular, que mide veinte centímetros de ancho por el oeste en lindes con solar del demandado, 2½ metros por el norte en lindes con el aquí descrito solar del demandante, y 2½ metros por el sur en lindes con un solar del demandado."

El demandado negó los hechos relacionados en la demanda y alegó que no es dueño ni lo ha sido nunca de las parcelas de terreno contiguas a la del demandante y que las mismas son propiedad exclusiva del Sr. Pablo Colón López, quien las posee a título de dueño.

Dictada sentencia por la Corte de Distrito de San Juan declarando con lugar la demanda, el demandado interpuso el presente recurso de apelación.

Alega dicho demandado que la descripción de la faja de terreno que se reclama en la demanda es defectuosa y que la corte de distrito cometió error al apreciar la prueba

y dictar su fallo en favor del demandante. En realidad las alegaciones de la demanda son algo confusas. Examinadas conjuntamente las descripciones del solar principal y de la parcela que se alega formaba parte del mismo, se advierte que estas alegaciones carecen de la claridad necesaria para que en caso de ejecución de sentencia un agente judicial pueda identificar, sin necesidad de ulteriores explicaciones, la porción de terreno que se intenta recuperar. De acuerdo con las alegaciones el solar principal colinda por el oeste con terrenos de Petra Latorre. Si, como parece, la faja de terreno que se reclama fué separada del lado oeste de la finca principal, no se explica que esta pequeña parcela colinde por el oeste con el demandado mientras la finca principal de la cual formó parte colinda por el oeste con Petra Latorre.

El demandante apelado alega que al describirse en la demanda el solar principal del demandante, se tomó como base la descripción que consta en la escritura y que si hubo alguna aparente contradicción en las alegaciones y debido a una figura geométrica el solar contiguo del demandado entraba veinte centímetros por la colindancia oeste del solar del demandante, y esta circunstancia no se alegó al hacerse la descripción de la faja despojada, ello quedó plenamente establecido por la prueba. Esto lo dice el demandante, pero no resulta probado. La verdad es que el solar principal del demandante aparece colindando con Petra Latorre por el oeste, y que la parcela que se reclama aparece colindando también por el oeste con el demandado Tomás Colón. No se explica que las colindancias varíen por el hecho de que se haya separado una faja de terreno del lado oeste del solar principal. Si este solar colindaba por el oeste con Petra Latorre, la faja que se alega fué separada del mismo debe colindar por dicho lado con Petra Latorre también. Hemos examinado la prueba practicada y no aparece de la misma que las deficiencias que se advierten en la descripción de la parcela reclamada hayan quedado subsanadas. En el caso de *Ma-*

*tanzo* v. *Vizcarrondo,* 30 D.P.R. 282, se dijo por esta corte que para que las alegaciones de una demanda de interdicto para recobrar la posesión sean suficientes para determinar una causa de acción es necesario que el demandante describa la porción de terreno de que ha sido despojado por el demandado de modo que pueda dictarse una sentencia de acuerdo con ella que pueda ser cumplida por el oficial ejecutivo de la corte. Sin tal especificación no podría saber dicho funcionario la porción de terreno cuya posesión debe restituirse al demandante.

En cuanto a la prueba, el demandante declara que el día 5 de marzo de 1931 el demandado Tomás Colón y Pablo Colón, en su ausencia, arrancaron un punto del solar y lo colocaron a veinte centímetros de donde estaba antes, destruyendo un ángulo que había allí; que inmediatamente que llegó de la calle vió que Tomás Colón estaba tratando de poner el punto dentro del solar del testigo y que le llamó la atención para que colocara el punto donde antes estaba, contestando que no, que lo dejaría allí. Declara además el demandante que el Sr. Colón representa poseer el solar porque siempre ha vivido allí y que la faja de terreno se encuentra en posesión y dentro del solar de Tomás Colón.

Lorenzo Rosado, testigo del demandante, declara que Tomás y Pablo Colón arrancaron un punto hacia la izquierda del solar del Sr. Rodríguez y lo colocaron hacia dentro como ocho o nueve centímetros.

El demandado Tomás Colón niega haber realizado los actos que le atribuye el demandante. Declara que el solar que queda al sur de Lorenzo Rodríguez es de su hijo Pablo Colón, que no posee ningún terreno allí y que vive en Quintana, en la calle España, en una casa que le compró a doña Dolores Pou, que no vive con su hijo Pablo y que viene a almorzar y a comer allí.

Pablo Colón declara que no ha intervenido en la remoción de ningún punto, verja o cerca ni tomado posesión de

parcela alguna de terreno propiedad del demandante; que es dueño del solar contiguo a Lorenzo Rodríguez.

Ésta es en substancia la prueba practicada en este caso. Con respecto a las colindancias nada se dice que pueda subsanar las deficiencias de la demanda. No puede decirse, de acuerdo con las alegaciones y la prueba practicada, que la parcela que se reclama haya sido debidamente identificada, y por lo tanto *debe revocarse la sentencia apelada sin especial condenación de costas.*

### EN MOCIÓN DE RECONSIDERACIÓN
Febrero 17, 1932

En la moción de reconsideración presentada por el demandante no se aduce ningún nuevo argumento ni se plantea ninguna cuestión que no haya sido resuelta por esta corte en su opinión. Las deficiencias en la descripción de la finca no fueron subsanadas por la prueba. Esto en cuanto a las colindancias. En cuanto al tamaño de la parcela de terreno de que se dice fué desposeído el demandante, declararon dos testigos: el propio demandante y Lorenzo Rosado. El primero dijo que el demandado y Pablo Colón arrancaron un punto del solar y lo colocaron a veinte centímetros de donde estaba, destruyendo un ángulo que allí había. El segundo declaró, que Tomás y Pablo Colón arrancaron un punto hacia la izquierda del solar del Sr. Rodríguez y lo colocaron para adentro como ocho o nueve centímetros. De modo que la prueba del propio demandante resulta en conflicto con respecto al tamaño de la parcela. Con estas alegaciones y esta prueba no sería factible la identificación de la finca en caso de ejecución.

Al resolver este caso incurrimos inadvertidamente en el error de declarar sin lugar la demanda sin especial condenación de costas. El demandado solicita que para corregir este error reconsideremos nuestra sentencia condenando en costas al demandante. Tiene razón la parte demandada. La ley es terminante y clara: en los casos de interdicto para

recobrar la posesión de propiedad inmueble la parte contra la cual se dicte sentencia debe ser condenada en costas. Esta corte carece de jurisdicción para relevar al demandante del pago de las mismas; pero sí la tenemos para excluir los honorarios de abogado. *McEvoy* v. *Nadal Lugo,* 34 D.P.R. 634; *Crédito y Ahorro Popular* v. *Molina,* 42 D.P.R. 894. Los preceptos del estatuto quedan cumplidos condenando al demandante al pago de las costas y teniendo en cuenta las circunstancias que concurren en este caso, opinamos que *debe corregirse la sentencia dictada, condenando al demandante a satisfacer las costas sin incluir honorarios de abogado.*