[No. 14702.   Department Two. — August 17, 1892.]

JAMES SELLICK, RESPONDENT, v. C. W. DE CARLOW ET AL., APPELLANTS.

COST BILL — PREMATURE FILING — MOTION TO STRIKE OUT. — A cost bill filed before the filing of the findings and entry of judgment is filed before the time authorized by law, and should be stricken out upon motion.

APPELLATE JURISDICTION OF SUPREME COURT — ORDER AFTER JUDGMENT INVOLVING LESS THAN THREE HUNDRED DOLLARS. — The question whether or not the supreme court has jurisdiction of an appeal from a separate, independent order, made after final judgment, involving money only, and in an amount less than three hundred dollars, considered, but not decided.

APPEAL from an order of the Superior Court of Lassen County denying a motion to strike out a cost bill.

The facts are stated in the opinion of the court.

*Spencer & Raker*, for Appellants.

*Goodwin & Goodwin*, for Respondent.

McFARLAND, J. — This is an appeal from an order made after final judgment, denying defendants' motion to strike out plaintiff's cost bill and its amount from the judgment. The action was for an injunction restraining defendants from diverting certain water, and for damages. Judgment was rendered for plaintiff, restraining defendants as prayed for, and for twenty dollars damages. The decision — that is, the findings — and the judgment were filed and entered March 20, 1891; and the cost bill in question was filed March 16th, — four days before the decision. Section 1033 of the Code of

Civil Procedure provides that a cost bill must be filed
"within five days after the verdict or notice of the de-
cision of the court or referee"; and it seems quite clear
that the cost bill was filed in this case before the time
authorized by law, and that the court erred in denying
the motion to strike it out.

The cost bill involved here amounts to only $113.85,
but respondent does not make the point that this court
has no jurisdiction of the appeal because the amount is
less than $300. Indeed, respondent has no points or
brief on file; and as this court has two or three times
entertained similar appeals where the point of jurisdic-
tion was not raised, we do not feel disposed, in this case,
to raise that point, and definitely determine it on our
own motion.

We deem it proper to say, however, for future guid-
ance, that the question whether or not this court has
jurisdiction of an appeal from a separate, independent
order made after final judgment, involving money only,
and in an amount less than three hundred dollars, must
be considered as at least an open question. It is settled,
no doubt, that on an appeal from a judgment in an ac-
tion to recover money alone, the jurisdiction is deter-
mined by the *ad damnum* clause in the complaint.
(*Solomon* v. *Reese*, 34 Cal. 28; *Dashiell* v. *Slingerland*, 60
Cal. 653.) But we do not at present recollect any case
in which it has been definitely held that this court has
jurisdiction of an appeal from an order made after final
judgment, where there was no appeal from the judgment,
and where the amount of money which the order put
"in controversy" was less than the sum mentioned in
the constitution; although, as before stated, such appeals
have been entertained in a few instances where the
question of jurisdiction was not raised. On the other
hand, it was held in Department, in *Langan* v. *Langan*,
83 Cal. 618, that an appeal from an order allowing $150
to counsel, in a divorce suit, must be dismissed, because
the amount involved was "too small to give the court
jurisdiction"; and in *Oullahan* v. *Morrissey*, 73 Cal. 297,

the court in Bank held that where the plaintiff dismissed his action, he could not appeal, even from a *judgment* for costs, because the demand for costs, " being less than three hundred dollars, does not give this court jurisdiction." And we think that a thorough examination of all the decided cases would probably leave as *res integra* the question of the meaning of the constitutional words " demand . . . . in controversy" when applied to appeals from motions involving less than three hundred dollars, made after final judgments. The question is an important one, because if this court has no jurisdiction of such appeals, its time should not be occupied with them, to the disadvantage of other litigants whose cases are legitimately before it.

The order appealed from is reversed, with directions to the superior court to grant the motion which it denied.

De Haven, J., and Sharpstein, J., concurred.