EMPRESA TEATRAL PONCEÑA ET AL., PLAINTIFFS AND APPEL-
LANTS, *v.* MUNICIPALITY OF PONCE ET AL., DEFENDANTS AND
APPELLEES.

### APPEAL from the District Court of Ponce *in Re* a Memorandum of Costs.

#### No. 2595.—Decided May 19, 1922.

COSTS.—Although a court may have jurisdiction of an action and of the matter
of the costs allowed therein, if the memorandum of costs is filed before the
time fixed by law the court should not consider it and an order striking it
out as premature is correct.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellants.

*Mr. D. Sepúlveda* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The Empresa Teatral Ponceña filed a petition for a writ
of certiorari in the District Court of Ponce praying for the
annulment of a certain ordinance of the municipality of
Ponce imposing an excise tax on all tickets sold for admis-
sion to public shows or entertainments. The respondent mu-
nicipality appeared and answered. The case was heard and
the court gave judgment for the petitioner.

On September 24, 1921, the petitioner presented a mem-
orandum of costs amounting to $407 and consisting of the
following items: Clerk's fees, $4; certificates attached to
the record, $3; attorney's fees, $400.

The respondent opposed the memorandum of costs on
the grounds that the court was without jurisdiction to ap-
prove it because it had been filed prior to the time fixed by
law; that the amount in controversy was neither alleged or
proved; that the amount involved did not exceed five hun-
dred dollars, and that in any event the attorney fees were
excessive.

The court took the matter under consideration and de-
cided it as follows:

"One of the grounds of the opposition of the attorney for the respondent is that the court is without jurisdiction of the said memorandum of costs because it was presented unseasonably.

"In accordance with that allegation of the respondent the court has examined the record in this case and has found that the judgment was rendered on September 9, 1921, and that the petitioner filed the memorandum of costs in the clerk's office of this court on September 24, 1921, when the judgment had not become final because the thirty days within which an appeal could be taken therefrom had not expired.   Considering section 339 (*sic*) of Act No. 15 approved by the Legislative Assembly on November 19, 1917, relative to costs, the court is of the opinion that the said memorandum was filed prior to the time fixed by the law and rules that it should be stricken out for the reasons stated.

"Legal authority: *Sellick* v. *De Carlow,* 95 Cal. 644."

From that ruling of the court the present appeal was taken and the only error assigned is "that committed by the court in striking out the memorandum of costs."

The appellant maintains that although it is true that the memorandum was premature, the court was not without jurisdiction; that the question of jurisdiction having been raised, the court should have decided that and nothing more, and that if the respondent had moved only to strike out the memorandum as premature and the court had sustained the motion, the petitioner could have presented it again at the proper time.

The judgment was rendered on September 9.   In accordance with the law it would become final thirty days thereafter and the memorandum of costs should have been presented within the next ten days.   This the appellant admits. The memorandum was filed on September 24 and the written opposition thereto, dated September 27, after fixing the days on which the judgment was rendered and the memorandum was filed, states that "especially for this reason we allege that the court is without jurisdiction of the said memorandum of costs because it was filed out of time."

The petitioner had, therefore, ample opportunity to cor-

rect the error, inasmuch as the question was openly and clearly raised when the judgment was not yet final, but as it preferred to proceed with the memorandum of costs filed, it must suffer the consequences of its own acts.

It is true that the court had jurisdiction of the case and of the matter of the costs allowed by it therein, but the memorandum was presented and contested at a time when the court was not empowered to consider it and its order striking out the memorandum was the logical and proper action and came necessarily within the scope of the question raised by the respondent.

The California case cited by the court, *Sellick v. De Carlow*, 95 Cal. 644, is stronger that the case at bar, for in that case the memorandum of costs was filed before the judgment had been docketed, but the principle involved is similar.

The order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.