EMPRESA TEATRAL PONCEÑA ET AL., DEMANDANTES Y APELANTES, *v.* MUNICIPIO DE PONCE ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en incidente sobre memorándum de costas.

No. 2595.—Resuelto en mayo 19, 1922.

COSTAS — MEMORÁNDUM RADICADO PREMATURAMENTE. — Aunque una corte tenga jurisdicción sobre el pleito y sobre la materia de costas impuestas en él, si el memorándum se radica antes del tiempo fijado por la ley, dicha corte no debe considerarlo y la resolución eliminándolo por prematuro es correcta.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. Brunet.*

Abogado de los apelados: *Sr. D. Sepúlveda.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La Empresa Teatral Ponceña radicó en la Corte de Distrito de Ponce una demanda de *certiorari* en solicitud de que se declarara nula cierta ordenanza del Municipio de Ponce estableciendo un arbitrio sobre todo billete que se expendiera para asistir a diversiones o espectáculos públicos. Contestó el municipio demandado. Fué el pleito a juicio. Y finalmente la corte lo resolvió en favor del demandante.

El 24 de septiembre de 1921 el demandante archivó su memorándum de costas ascendente a cuatrocientos siete dólares por los siguientes conceptos: honorarios del secretario, cuatro dólares; certificaciones unidas al record, tres dólares, y honorarios de abogado, cuatrocientos dólares.

El demandado impugnó el memorándum, primero, porque la corte carecía de jurisdicción para aprobarlo por haberse archivado antes del tiempo fijado por la ley, y segundo, porque no se estableció ni alegó el valor de la materia litigiosa, ni menos que excediera de quinientos dólares, y porque, en todo caso, los honorarios eran excesivos.

La corte tomó bajo su consideración el asunto y lo resolvió así:

"Una de las impugnaciones hechas por el abogado de la demandada señor Sepúlveda, es que la corte no tiene jurisdicción para conocer de dicho memorándum y resolverlo, por haberse presentado fuera de tiempo.

"La corte, de acuerdo con dicha alegación del demandado, ha examinado el record en este caso y encuentra que la sentencia se dictó en 9 de septiembre de 1921, y el memorándum de costas fué radicado por la demandante en la secretaría de esta corte en 24 de septiembre de 1921, tiempo en que aún no era firme la sentencia por no haber transcurrido término de treinta días para apelar de la misma. Y visto el artículo 339 de la Ley No. 15 aprobada por la Asamblea Legislativa de 19 de noviembre de 1917, que trata sobre costas, la corte es de opinión que dicho memorándum ha sido radicado antes del plazo que marca la ley, y resuelve que el mismo debe ser eliminado por los motivos expresados.

"Fundamento de derecho: '*Lellick* v. *De Carlow,* 95 Cal. 644.'"

Y contra esa resolución de la corte es que se ha interpuesto el presente recurso de apelación, señalándose como único error "el cometido por la corte al eliminar el memorándum de costas."

Sostiene la parte apelante que si bien es verdad que el memorándum era prematuro, la corte no carecía de jurisdicción y que habiéndose planteado una cuestión de jurisdicción, esa y no otra fué la que debió decidir la corte. Que si el demandado se hubiera limitado a pedir la eliminación del memorándum por prematuro y la corte la hubiera decretado, él hubiera podido presentar de nuevo, en tiempo, su memorándum.

La sentencia se dictó el 9 de septiembre. De acuerdo con la ley sería firme treinta días después y dentro de los diez días siguientes es que debió presentarse el memorándum. Esto lo admite el apelante. El memorándum se archivó el 24 de septiembre y la impugnación tiene fecha 27 del propio mes y en ella se dijo, después de fijarse los días en que se dictó la sentencia y se archivó el memorámdum, "especialmente por ello alegamos que la corte no tiene jurisdicción para conocer de dicho memorándum, y resolverlo, por haberse presentado fuera de tiempo."

La demandante tuvo, pues, una amplia oportunidad para corregir su error ya que la cuestión fué abierta y claramente suscitada cuando ni siquiera era firme la sentencia. Ella prefirió seguir actuando bajo la base del memorándum archivado y tiene que sufrir las consecuencias de sus propios actos.

La corte es verdad que tenía jurisdicción sobre el pleito y sobre la materia de las costas impuestas en él por ella misma, pero el memorándum se presentó e impugnó en un término en que la corte no tenía facultad para considerarlo y su resolución eliminándolo era la lógica y procedente y estaba necesariamente comprendida dentro de la cuestión suscitada por la parte demandada.

El caso de California citado por el juez, *Sellick* v. *De Carlow*, 95 Cal. 644, es más fuerte que el que está sometido a nuestra consideración porque allí el memorándum se archivó antes de registrarse la sentencia, pero el princip'io envuelto es similar.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.