ANGEL CARRIÓN, demandante y apelante, *v.* CARMEN MARÍA NADAL CARRIÓN como sucesora de DOÑA CRISTINA CARRIÓN OTERO, demandada y apelada.

No. 3582.—*Visto:.* Mayo 5, 1925. *Resuelto:* Mayo 29, 1925.

1. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—MODO DE RENDIRLAS, FORMA, Y REGISTRO DE SENTENCIA U ORDEN—SENTENCIAS CONSENTIDAS.—Al pedir un demandante, *motu proprio*, el desistimiento de su acción, consiente en la sentencia que se dicte y está impedido de apelar contra la misma.

2. COSTAS—TASACIÓN—MEMORÁNDUM DE COSTAS—RADICACIÓN DEL MISMO.—Pedido por un demandante que se le tenga por desistido de su acción, puede radicarse un memorándum de costas inmediatamente después de dictada sentencia de desestimación que condene en costas.

3. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—TASACIÓN DE COSTAS—CONCESIÓN DE HONORARIOS DE ABOGADO.—Cuando nada substancial se alega respecto a que fueren excesivos los honorarios de abogado fijados por la corte inferior, y las actuaciones del pleito principal demuestran una justa discreción al determinar los mismos, debe confirmarse la sentencia apelada.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), teniendo al demandante por desistido de su acción, con costas. *Confirmada.*

A. *Nazario Lugo,* abogado del apelante; *Angel A. Vázquez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Angel Carrión demandó en la Corte de Distrito de Ponce

a Carmen María Nadal en cobro de la suma de $13,440, más intereses y costas.

La demandada excepcionó la demanda por falta de causa de acción y a su vez solicitó el traslado del pleito a la Corte de Distrito de Mayagüez. El traslado fué acordado y entonces el demandante pidió que se le tuviera por desistido de su demanda, y la corte inferior le tuvo por desistido imponiéndole las costas, todo ello conforme dispone el artículo 192, No. 1, del Código de Enjuiciamiento Civil.

La demandada presentó luego un memorándum de costas montando la partida de honorarios de abogado a la cantidad de $500. Impugnada que fué por excesiva, recayó sentencia rebajándose a $200.

De esta sentencia se apeló y se alegan como motivos de error, 1°., que la radicación del memorándum es prematura, toda vez que el demandante no fué notificado de la resolución en el pleito principal en la que se imponen las costas, y 2°., porque la concesión de $200 es aún excesiva.

[1, 2] El demandante pidió *motu proprio* el desistimiento de la acción y al hacerlo así consintió la sentencia que le declaró por desistido con costas. Parecía lógico que habiéndose dictado el fallo a su instancia y con su consentimiento, él quedara impedido de apelar del mismo. Así se declara por las autoridades, diciéndose:

"Si una parte consiente en que se dicte determinada sentencia, decreto, u orden, no puede apelar del mismo o hacer que sea revisado por auto de error. Así, por ejemplo, una sentencia de desestimación o sobreseimiento dictada a solicitud del demandante, no es por regla general revisable a moción suya." 2 R.C.L. págs. 59, 60.

En el caso de *Sanders Philippi, S. en C., etc.,* v. *Viuda de Baigés e Hijos,* 32 D.P.R. 855, análogo al presente, se sienta la misma doctrina y se dijo:

"El apelante, sin embargo, insiste en que no había derecho de apelación por haber sido obtenida la sentencia por allanamiento, y en que el memorándum podía ser archivado inmediatamente después

de dictada la sentencia. Creemos que el apelante tiene razón. Cuando una parte no muestra disposición a levantar cuestión litigiosa alguna, sino que por el contrario, como aquí sucede, explícitamente permite que se dicte sentencia contra ella, no hay un verdadero litigio y tampoco derecho de apelación. *Hibernia Savings and Loan Society* v. *Waymire,* 152 Cal. 286, 92 P. 645; Sutherland Code Pleading, vol. 2, p. 1107, sección 1687; 2 R.C.L. 59 y casos citados en la nota número 7, p. 60; 3 C.J. 604, sección 449; 3 C.J. 608, sección 453; 3 C.J. 546. Hay quizás algunas excepciones indicadas por las autoridades, como por ejemplo, cuando el allanamiento de la parte derrotada ha sido inducido por alguna actuación previa de la corte, como la desestimación de una excepción previa.''

[3] Basta contestar en cuanto a este error que el apelante nada substancial alega de que el montante de honorarios concedido sea excesivo, y por el contrario, las actuaciones del pleito principal que fué lo único que tuvo en cuenta la corte inferior, demuestran su justa discreción al determinar los honorarios de abogado en la suma que fué fijada en su sentencia.

Por todo lo expuesto, *la sentencia inferior debe ser confirmada.*