Dolores y Josefa Vicente León, demandantes y apeladas, *v.* Juan Anacleto Malavé, demandado y apelante.

No. 4285.—*Sometido:* Diciembre 14, 1928. *Resuelto:* Marzo 25, 1929.

*M. Guzmán Texidor,* abogado del apelante; *A. Porrata Doria,* abogado de las apeladas.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Josefa y Dolores Vicente y León iniciaron un pleito sobre nulidad de escritura en la Corte de Distrito de Guayama contra Juan Anacleto Malavé. Antes del juicio desistieron las demandantes porque las mismas cuestiones envueltas en su caso lo estaban en otro pendiente ante la propia corte y ésta dictó sentencia "declarando a las actoras desistidas de la continuación de esta acción, imponiéndoles las costas."

La sentencia se dictó y registró el 24 de enero 1927 y el 25 de febrero siguiente la parte demandada presentó un memorándum reclamando $305, $5 por honorarios del secretario y $300 por honorarios de abogado.

Las demandantes impugnaron el memorándum por haberse radicado después de vencido el término de ley; porque tratándose de una sentencia por desistimiento no hay derecho a percibir honorarios de abogado y porque en todo caso los honorarios son excesivos.

La corte resolvió la cuestión planteada así:

"La sentencia fué dictada el 24 de enero de 1927, y el memorándum radicado el 25 de febrero de este mismo año. Transcurrió con exceso el plazo de diez días a que se refiere la Ley Núm. 15 de noviembre 19 de 1917. Tratándose de una sentencia por desistimiento dicho plazo empezará a contarse desde la fecha de la notificación de la sentencia. Pero somos de opinión que esta disposición legal es de carácter directivo y no mandatorio, por lo que no impide que el memorándum se radique después de pasados los diez días. No creemos, por tanto, que el primer fundamento tenga importancia.

"En cuanto al segundo motivo de impugnación, la Corte estima que aun cuando es discrecional de la Corte conceder honorarios de abogado en estos casos, no se ha demostrado en este caso concreto que existan motivos para ejercitar la discreción en favor del demandado, por lo que, a su juicio, sería opresor imponer honorarios de abogado a las demandantes habida cuenta de las circunstancias del caso. Véase McEvoy v. Nadal Lugo, 34 D.P.R. 634.

"Se aprueba el memorándum en lo que respecta a la partida de $5.00 por honorarios del Secretario, y se declara con lugar la impugnación en cuanto a la partida de $300.00 para honorarios de abogado."

No conforme la parte demandada interpuso la presente apelación. Un solo error señala en su alegato a saber: la corte erró al desestimar la partida de honorarios de abogado después de haber dictado sentencia imponiendo las costas sin excluir los honorarios de abogado.

En el caso de *McEvoy* v. *Nadal Lugo* haciendo un estudio de lo dispuesto en el artículo 192 del Código de Enjuiciamiento Civil a la luz de las disposiciones generales sobre costas y de la jurisprudencia de esta corte, se dijo:

"No obstante lo amplio de esa jurisprudencia, entendemos que está en vigor la disposición del artículo 192 del Código de Enjuicia-

miento Civil que dejamos transcrita. La mente del tribunal estuvo fija en pleitos o procedimientos decididos a virtud de sus méritos o en los que hubo contienda. En cuanto al desistimiento, es una condición que impone la ley que puede y debe subsistir. ·

"Ahora bien, atendidos la letra y el espíritu de las nuevas leyes sobre la materia, creemos que si bien la corte de distrito carece de discreción en el caso de que se trata en cuanto a la imposición de las costas, la tiene para comprender o no en ellas los honorarios de abogado y para graduar su cuantía."

Siendo esto así, entendemos que de acuerdo con las repetidas decisiones de esta corte sobre el particular, si ésa era su intención al dictar la sentencia, la corte debió excluir de las costas los honorarios. Si no lo hizo y la parte perjudicada no le llamó a tiempo la atención, no puede luego quejarse.

Lo que sí pudo hacer la corte al resolver el memorándum que se le presentó fué graduar la cuantía de los honorarios de acuerdo con la mayor o menor temeridad de la parte. En este caso por ejemplo si estaba convencida de que no hubo temeridad y sólo por inadvertencia dejó de expresar su intención en su sentencia, pudo fijar los honorarios en una cantidad mínima.

 Ahora bien, aunque las demandantes no apelaron porque aceptaron que era justo que pagaran aquellas costas —honorarios del secretario—(9 Cal. Jur. 513), que deben pagarse siempre, ya que la ley expresamente lo exige como una condición previa (art. 192 Código de Enjuiciamiento Civil, No. 1), discuten en su alegato la totalidad de la cuestión tal como la plantearon en la corte de distrito y a nuestro juicio demuestran que tuvieron razón al sostener que el memorándum fué presentado fuera de tiempo y que por tanto la corte no debió considerarlo.

La sentencia de que se trata dictada como lo fué por desistimiento quedó firme desde el momento en que se dictó y notificó a la parte (*Carrión* v. *Nadal,* 34 D.P.R. 305, *Philippi* v. *Viuda de Baigés,* 32 D.P.R. 855). Siendo ello así, el memorándum debió archivarse diez días después. "Y

la entrega de dicho memorándum se hará dentro de los diez
días siguientes . . .'' No se trata de un precepto directivo,
sino claramente mandatorio. Y aquí el memorándum no sólo
no se presentó dentro de los diez días, sino que levantada la
cuestión ni siquiera se trató de explicar por qué no se había
dado cumplimiento al precepto legal indicado. Artículo 339
del Código de Enjuiciamiento Civil tal como quedó enmen-
dado por la ley No. 15 de 1917, Leyes de 1917, Vol. II, 229.
No se solicitó prórroga del término.

La jurisprudencia sostiene la conclusión a que hemos
llegado, como puede verse del siguiente resumen de la misma
que tomamos de Corpus Juris. Es así:

*"Término para la radicación.*—El término para la radicación de
un memorándum de costas generalmente está regulado por estatutos
o reglas de la corte, cuyo fin es limitar el período dentro del cual
puede determinarse la cuestión de costas, en caso de que las haya.
Los estatutos por lo general disponen que el memorándum de costas
debe ser radicado dentro de determinado período después de dictarse
sentencia, o de haberse dictado el veredicto, o de haberse hecho la no-
tificación de la sentencia; y según algunos estatutos el memorándum
de costas debe ser notificado a la parte contraria. Aunque hay al-
gunas excepciones, generalmente se ha resuelto que el dejar de ra-
dicar el memorándum de costas dentro del período prescrito por el
estatuto o por la regla de la corte equivale a una renuncia del de-
recho a las costas, y que ello autoriza la eliminación del memorándum,
a menos que el término para la radicación del mismo sea prorrogado,
a no ser que se haya renunciado la objeción a haberse dejado de radi-
car el memorándum en tiempo, como puede ocurrir, o a menos que se
presente una buena excusa para no haberse radicado el memorándum
de costas en tiempo. Está dentro de la discreción de la corte senten-
ciadora determinar qué constituye una buena excusa.''

Ahora bien, como no es la parte demandante la que ha
interpuesto la presente apelación y como además los cinco
dólares por honorarios del secretario que ella consintió en
pagar al consentir la resolución de la corte no sólo debe
satisfacerlos sino que debió haberlos satisfecho con ante-
rioridad al registro de la sentencia dictada a su instancia,

debemos limitarnos a decir que si bien la resolución recurrida no se sostiene por el fundamento en que la basó el juez de distrito, lo está por el primero de los motivos alegados en la impugnación o sea porque los honorarios de abogado no se reclamaron en el tiempo concedido por la ley y deben entenderse renunciados.

Debe, en tal virtud, declararse sin lugar el recurso y *confirmarse la resolución apelada.*

Los Jueces Asociados Sres. Aldrey y Texidor están conformes con la sentencia, pero no con todos sus fundamentos. (Véase el prefacio)