Francisco Servera Silva, demandante y apelante, *v.* Juan Pedrosa, Celso Caballero y Celestino Iriarte, Jr., demandados y apelados.

No. 6178.—*Sometido:* Junio 9, 1933. *Resuelto:* Febrero 8, 1934.

*Luis A. Limeres,* abogado del apelante; *Celestino Iriarte y F. Fernández Cuyar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Se interpuso esta apelación porque la Corte de Distrito de Mayagüez ordenó la eliminación de un memorándum de costas que fué presentado ante ella en el pleito que origina este recurso.

La sentencia que dictó esa corte resolviendo el pleito fué revocada por nosotros en grado de apelación y dictamos otra declarando con lugar la demanda de Francisco Servera Silva con las costas a los demandados.

De la resolución de que es objeto esta apelación, de los alegatos que para ella nos han sido presentados y de algún documento que obra en estos autos aparece que este recurso tiene relación con otra apelación entre las mismas partes y en el mismo pleito que con el número 6177 está archivado en la secretaría de nuestro tribunal por haber desistido de ella el apelante.

Antes de ser recibida nuestra sentencia revocatoria en la corte inferior compareció ante ella y en el mismo pleito Héctor Camolli solicitando que se le tuviese por substituído en lugar del demandante Francisco Servera Silva, que había fallecido, y así lo acordó la corte. Más tarde presentó Camolli en ese pleito un memorándum de costas dos días antes de ser recibida nuestra sentencia revocatoria, y dentro de los diez días siguientes a esa radicación fueron impugnadas sus partidas por los demandados. Después de transcurridos esos diez días, solicitaron los demandados de la corte que eliminase el memorándum por haber sido presentado prematuramente.

Dos días antes del señalado para la vista del memorándum de costas ante la corte, ésta anuló su resolución anterior teniendo a Camolli por substituído en lugar del demandante Servera; y cuando esa vista tuvo lugar dictó la resolución objeto de esta apelación, por la cual declaró nulo e inexistente el memorándum de costas presentado por Camolli y dispuso que fuese eliminado de los autos del pleito. Para esa resolución se fundó en ser nulo el memorándum presentado por Camolli por haber sido anulada la resolución que lo tuvo por substituído en lugar del demandante Servera, y porque en la hipótesis de que hubiera tenido personalidad legal para la reclamación de las costas, la corte carecía de jurisdicción para resolverla por haber sido presentada antes de ser recibida nuestra sentencia. El apelante dice en el único motivo para su recurso que esa resolución es errónea.

■■ Habiendo anulado la corte inferior su resolución teniendo a Camolli por substituído en los derechos de Servera en el pleito, mientras no fuese revocada esa resolución carecía aquél de personalidad para reclamar para sí las costas que fueron concedidas al demandante Servera, por lo que el memorándum que presentó para cobrarlas resultó improcedente en los autos y debía ser eliminado. ·

■■■ Dice el apelante que puesto que los demandantes impugnaron las partidas del memorándum de costas dentro de los diez días que a tal fin les concede el artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley No. 15 de 17 de noviembre de 1917 ( (II) pág. 229), sin atacar la jurisdicción de la corte para conocer del memorándum de costas, su alegación posterior impugnándola no puede ser tenida en consideración por haber sido radicada después de dichos diez días y porque con su impugnación a las partidas del memorándum quedaron sometidos a la jurisdicción del tribunal.

En los casos de *Empresa Teatral Ponceña* v. *Municipio de Ponce,* 30 D.P.R. 539, y de *Noriega & Alvarez* v. *New York & Porto Rico Steamship Co.,* 33 D.P.R. 557, hemos resuelto que una corte carece de jurisdicción para conocer de un memorándum de costas que se le presente prematuramente; doctrina que es aplicable al presente caso por haber sido radicado el memorándum de costas antes de recibirse en la corte la sentencia dictada en apelación, ya que la ley dispone que si la sentencia de la corte ha sido apelada, como lo fué en este caso, se presente el memorándum de costas dentro de los diez días siguientes a haber sido registrada en la corte inferior la sentencia dictada en apelación.

La corte inferior tenía jurisdicción sobre las personas en este caso pero como no la tenía para conocer del memorándum de costas, según hemos resuelto, la impugnación hecha a las partidas del memorándum no le concedió una jurisdicción de que carecía; y como la falta de jurisdicción por razón de la materia puede ser alegada en cualquier tiempo, tal alegación de los demandados, aunque hecha después de los diez días concedidos por la ley para impugnar el memorándum de costas, era admisible.

*La resolución apelada debe ser confirmada.*