UNITED PORTO RICAN SUGAR CO. OF PORTO RICO, demandante y apelada, *v.* SUCESIÓN DE PEDRO SÁNCHEZ, compuesta de DOÑA MONSERRATE CONCEPCIÓN CORREA, DON SIMÓN, DOÑA MERMINUTA, MARÍA DE JESÚS, JULIANA, SEBASTIANA Y SIMONA SÁNCHEZ, demandada y apelante.

Núm. 5909.—*Sometido:* Marzo 13, 1936. *Resuelto:* Marzo 31, 1937.

*L. Lloréns Torres,* abogado de la apelante; *González Fagundo & González, Jr.,* y *Walter L. Newsom, Jr.,* abogados de la apelada.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Éste es un pleito de *injunction* para impedir a la demandada que perturbe a la demandante en la posesión de cierta parcela de terreno. Entre otras defensas, la demandada adujo la falta de hechos suficientes para determinar una causa de acción. Esta cuestión fué sometida por medio de una excepción previa antes del juicio y declarada sin lugar por la corte de distrito.

Las secciones 1 y 2 de la "Ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble", aprobada el 13 de marzo de 1913 (leyes de ese año, pág. 85) leían así:

"Sección 1.—Se concederá un *'injunction'* para recobrar la posesión material de propiedad inmueble cuando una parte demuestre ante la corte que ha sido privada de la posesión material por actos violentos o fraudulentos de la otra, a menos que tales actos fueren ejecutados por virtud de procedimiento legal.

"Sección 2.—La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y hará constar:

"(1) Que el demandante, dentro de los cuatro meses con anterioridad a la presentación de la demanda, estaba en posesión real de la propiedad que en dicha demanda se describe.

"(2) Que ha sido privado de ella por los predichos actos violentos o fraudulentos. Deberá también describir claramente los actos

constitutivos de la privación de la posesión, así como si dichos actos fueron realizados por el demandado u otra persona por orden de éste.''

Estas dos secciones, según fueron enmendadas en 1917 (leyes de ese año, tomo 2, pág. 221), prescriben:

'' 'Sección 1.—Se concederá un *injunction* para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a satisfacción de la corte, que ha sido perturbada en la posesión o tenencia de dicha propiedad, por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido ya despojada de dicha posesión o tenencia.'

'' 'Sección 2.—La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y hará constar:

'' '(1) Que el demandante, dentro del año precedente a la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.

'' '(2) Que ha sido perturbado o despojado de dicha posesión o tenencia.

'' 'Deberá también describir claramente los hechos constitutivos de la perturbación o despojo, así como si dichos actos fueron realizados por el demandado o por otra persona por orden de ésta.' ''

La teoría de la apelante es que la frase del inciso 1 de la sección 2 ''dentro del año precedente a la presentación de la demanda'', debe ser interpretada como que significa durante más de un año anterior a la pérdida de la posesión o perturbación de la misma. La apelante también sostiene que la demandante debió haber alegado que su posesión no la disfrutaba por mera tolerancia y que no había sido obtenida clandestinamente, por medio de violencia o por actos clandestinos desconocidos por el poseedor anterior. En apoyo de estas contenciones la apelante descansa en las secciones 446, 447, 448, 462, inciso 4, y 1869 del Código Civil (Estatutos de 1911).

No existe la presunción de que un demandante se halla en posesión por la mera tolerancia de un demandado o que éste había estado previamente en posesión del terreno en cuestión

en momento alguno. Ni el artículo 446 del Código Civil ni el alegato de la apelante presentan base satisfactoria para la conclusión de que el demandante en un pleito de este género debe negar la posibilidad, primero, de que quizá pudo haber adquirido del demandado, y segundo, de que tal vez pudo haber adquirido la misma mediante violencia o valiéndose de medios clandestinos desconocidos al demandado, o de que quizá puede estar en posesión por la mera tolerancia de este último. En cuanto a la interpretación que se trata de dar al inciso 1 de la sección 2 de la ley de 1913, según fué enmendada en la forma que se indica más arriba, bastaría tal vez decir que éste es un pleito para impedir que se perturbe una posesión que nunca se ha perdido, mas no un pleito para recobrar la posesión. El inciso 4 del artículo 462 del Código Civil a nuestro juicio no tiene que ver con el presente caso. Los pertinentes son los artículos 448 y 1869, que proveen:

"Artículo 448 (375, ed. de 1930).—Todo poseedor tiene derecho a ser respetado en su posesión; si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen."

"Artículo 1869 (1868, ed. de 1930).—Prescriben por el transcurso de un año:

"1.—La acción para recobrar o retener la posesión.

"  .       .       .       .       .       .       .       . "

Sin embargo, si se tratara de una cuestión de interpretación, estamos convencidos de que el inciso 1 de la sección 2, supra, debe ser interpretado en el sentido de que significa lo que sus términos dicen, o sea, "dentro del año precedente a la presentación de la demanda," y no por espacio de más de un año anterior a la fecha de la alegada perturbación.

En realidad la demandante alegó haber poseído por espacio de más de un año anterior a la presentación del litigio, pero la apelante dice que esto no bastaba puesto que la demandante también alega que la perturbación ocurrió unos cuatro meses antes de entablarse el recurso y que por tanto

no se desprende que la demandante estuviera en posesión por más de un año anterior a la fecha de la perturbación. Podría admitirse que un demandante que ha adquirido la posesión por medio de la fuerza o contra la voluntad de un poseedor anterior, luego de transcurrido un año, pueda impedir por medio de *injunction* al poseedor anterior que le perturbe en la nueva posesión así adquirida. De ello no se colige que todo demandante en un recurso para impedir que se perturbe en su posesión deba alegar que ha poseído por un período mínimo de un año y un día con anterioridad a la fecha de la supuesta perturbación o amenaza de perturbación.

■ Otra contención de la apelante es que la corte de distrito cometió error al no aplicar o al interpretar erróneamente el artículo 1866 del Código Civil. A nuestro entender, carece igualmente de mérito.

Nos inclinamos a convenir con la demandada en que a Monserrate Concepción Correa, Merminuta, María de Jesús, Juliana, Sebastiana y Simona Sánchez no debió hacérseles responsables de los actos no autorizados de su codemandado, coheredero y condueño al perturbar la posesión de la demandante.

Otros señalamientos se refieren a la apreciación de la prueba. Aunque no se discuten estas cuestiones en el alegato de la apelante, hemos examinado la evidencia y no hallamos un error tan manifiesto en la apreciación de la misma que exija la revocación.

*Debe modificarse la sentencia apelada eliminándose de la misma los nombres de Monserrate Concepción Correa, Merminuta, María de Jesús, Juliana, Sebastiana y Simona Sánchez, y así modificada, confirmarse.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.