UNITED PORTO RICAN SUGAR COMPANY OF PORTO RICO, Plaintiff and Appellant, v. HEIRS OF PEDRO SÁNCHEZ, Defendant and Appellee.

No. 7615. Argued December 9, 1938.—Decided January 27, 1939.

*González Fagundo,* and *González Jr.,* for Appellant. *Luis Llorens Torres,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

In *United P. R. Sugar Co. of P. R.* v. *The Heirs of Pedro Sánchez,* 51 P.R.R._____, a judgment for plaintiff was modified by striking therefrom the names of certain defendants— Monserrate Concepción Correa, Merminuta, María de Jesús, Juliana, Sebastiana and Simona Sánchez—and as modified, affirmed. On April 27, 1937, this Court further modified the judgment of the district court by dismissing the action, as to the above named defendants, with costs. In a communication dated May 7, addressed by the secretary of this Court to the secretary of the district court, the mandate was referred to as included therewith.

On May 6, defendants filed in the district court a memorandum of costs and served notice thereof on counsel for plaintiff. On May 8, plaintiff moved to strike this memorandum as untimely. On May 12, defendant filed an amended memorandum, complete in itself, and served notice thereof on plaintiff.

After a hearing, the district judge held that when a memorandum has been prematurely filed by mistake and thereafter, before expiration of the term, the same memorandum is again filed or a similar memorandum is filed, the latter should be permitted to stand.

The theory of defendants was that the memorandum had been properly filed within ten days after the judgment of this Court in accordance with the provisions of "An Act to amend sections 327 and 339 of the Code of Civil Procedure, and for other purposes", approved May 11, 1936 (Session

Laws 352). In this they were mistaken. See *Mason* v. *White Star Bus Line,* 53 P.R.R.____ and *Díaz* v. *Ramos,* 54 P.R.R.____. On motion for rehearing, however, counsel for defendants insisted that in any event, the second or amended memorandum approved by the district judge, was within the statutory period.

Appellant submits that the district court was without jurisdiction and therefore erred in approving the memorandum and in overruling the motion for a rehearing. Appellant cites no authority in support of this contention. There is no brief for appellees.

In *Servera* v. *Pedrosa,* 46 P.R.R.____, this Court affirmed an order of the district court sustaining a motion to strike a memorandum of costs, first, because a previous order of substitution had been set aside and, second, because the memorandum had been prematurely filed. This Court held that after the district court had set aside its previous order, the moving party had no standing before the court and therefore that the memorandum had been properly stricken. This practically disposed of the appeal in that case. This Court, however, arguendo—in answer to a question raised by appellant—went on to say:

"In the cases of *Empresa Teatral Ponceña* v. *Municipality of Ponce et al.,* 30 P.R.R. 499, and *Noriega & Alvarez* v. *N. Y. & P. R. Steamship Co.,* 33 P.R.R. 497, 528, we decided that a court lacks jurisdiction to take cognizance of a memorandum of costs filed prematurely; a doctrine which is applicable to the instant case as the memorandum of costs had been filed before notice of the judgment on appeal had been received in the court, since the law provides that if an appeal has been taken from the judgment of the court, as was done in the case at bar, the memorandum of costs is to be filed within ten days after the judgment on appeal has been entered . in the lower court.

"The lower court had jurisdiction over the persons in this case, but as it did not have jurisdiction to take cognizance of the memorandum of costs, as we have decided, the objection to the items of the memorandum did not grant it the jurisdiction it lacked; and as the

lack of jurisdiction by reason of the subject matter can be set up at any time, such defense, even though alleged after the ten days granted by law for objecting to a memorandum of costs, was proper.''

In *Empresa Teatral Ponceña* v. *Municipality of Ponce, supra,* the district court had said:

'' 'Considering section 339 (sic) of Act No. 15 approved by the Legislative Assembly on November 19, 1917, relative to costs, the court is of the opinion that the said memorandum was filed prior to the time fixed by the law and rules that it should be stricken out for the reasons stated.

'' 'Legal authority: *Sellick* v. *De Carlow,* 95 Cal. 644.' ''

In disposing of the appeal, this Court said:

''The appellant maintains that although it is true that the memorandum was premature, the court was not without jurisdiction; that the question of jurisdiction having been raised, the court should have decided that and nothing more, and that if the respondent had moved only to strike out the memorandum as premature and the court had sustained the motion, the petitioner could have presented it again at the proper time.

''The judgment was rendered on September 9. In accordance with the law it would become final thirty days thereafter and the memorandum of costs should have been presented within the next ten days. This the appellant admits. The memorandum was filed on September 24 and the written opposition thereto, dated September 27, after fixing the days on which the judgment was rendered and the memorandum was filed, states that 'especially for this reason we allege that the court is without jurisdiction of the said memorandum of costs because it was filed out of time.'

''The petitioner had, therefore, ample opportunity to correct the error, inasmuch as the question was openly and clearly raised when the judgment was not yet final, but as it preferred to proceed with the memorandum of costs filed, it must suffer the consequences of its own acts.

''It is true that the court had jurisdiction of the case and of the matter of the costs allowed by it therein, but the memorandum was presented and contested at a time when the court was not empowered to consider it and its order striking out the memorandum was the logical and proper action and came necessarily within the scope of the question raised by the respondent.

"The California case cited by the court, *Sellick* v. *De Carlow*, 95 Cal. 644, is stronger than the case at bar, for in that case the memorandum of costs was filed before the judgment had been docketed, but the principle involved is similar.

"The order appealed from must be affirmed."

From the opinion in *Noriega & Alvarez* v. *N. Y. & P. R. S. S. Co. supra,* we take the following extract:

". . . This statute is clear, and, therefore, as the memorandum of costs in this case was filed before our judgment of affirmance had been received in the lower court, it was filed out of time and should have been stricken out as moved for by the plaintiffs. We so held in the case of *Empresa Teatral Ponceña* v. *Municipality of Ponce.* 30 P.R.R. 499.

"The appellee alleges, however, that inasmuch as the plaintiffs moved for an extension of tén days in order to file objections to the said memorandum, they were estopped from moving that it be stricken out because they thus prevented the defendant from filing another memorandum in time. We think that this argument is untenable, because the motion for an extension did not deprive the plaintiff of their right to file any pleading that they might think proper."

In *Vicente* v. *Malavé*, 39 P.R.R. 339, the memorandum had been filed after expiration of the time within which it should have been filed. Referring to the statutory period prescribed by section 339 of the Code of Civil Procedure as amended in 1917, Vol II (Session Laws 228) this Court said:

"This is not a directive, but clearly mandatory precept. And here the memorandum of costs not only was not presented within the ten days, but on raising the question no effort was made to explain why the statute had not been complied with. Section 339 of the Code of Civil Procedure, as amended by Act No. 15 of 1917, Vol. II, p. 229. No motion was made for an extension of time.

"This conclusion is supported by the jurisprudence, as may be seen from the following summary quoted from Corpus Juris:

" 'Time of Filing.—The time of filing a memorandum or bill of costs is usually regulated by statutes or rules of court, the purpose of which is to limit the time within which the question of costs, if it arises, may be determined. The statutes ordinarily provide that the memorandum must be filed within a specified time after judgment, or after the verdict or notice of the decision of the court; and under

some statutes service of the memorandum or bill of costs must be served on the opposite party. Although there are some exceptions, is has very generally been held that failure to file the memorandum within the time prescribed by statute or by rule of court operates as a waiver of the right to costs, and authorizes the striking out of the cost bill, unless the time for filing is extended, unless objection for failure to file in time is waived, as may be done, or unless a good excuse for failure to file in time is shown. The determination of what constitutes such excuse is within the discretion of the trial court.''

In *Sanders, Phillippi, Ltd.* v. *Widow of Baigés & Sons,* 32 P.R.R. 786, a district court had sustained a motion to strike a memorandum of costs filed some two days after rendition of a judgment based on a stipulation to the effect that if a settlement should not be reached within a specified time a judgment might be entered for plaintiff. Section 339 of the Code of Civil Procedure as amended in 1917, provides for the filing of a memorandum ''within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired''. It makes no mention of judgments from which there is no appeal. It draws no distinction between such judgments and judgments from which an appeal might be taken. Nevertheless, this Court brushed aside the letter of the law and held that a memorandum of costs may be filed immediately after rendition of a judgment from which no appeal would lie, and reversed the ruling of the district court.

It is not always so easy to say whether or not an appeal will lie. In doubtful cases some interesting questions may arise. Where there is no right of appeal, does the ten day period begin to run immediately after judgment? Would a memorandum be too late if filed more than ten days after judgment but within the time in which an appeal might have been taken were the judgment appealable? Are the courts powerless to avert the hardship and injustice which by blind adherence to a hard and fast rule might be inflicted upon parties who in good faith and in the reasonable belief that their

action is legal and proper have filed a memorandum of costs which subsequently turns out to have been prematurely filed when the question is decided by the district court, or when the decision of the district court has been reversed by this Court? We are not yet prepared to answer these and other similar questions in the affirmative. As pointed out in the Sanders, Phillippi case: (p. 787) "In previous acts the successful party entitled to costs was bound to file his memorandum within ten days after the final judgment. This was felt to be an inconvenience and sometimes a waste of time, especially if the judgment should be reversed."

The important date, we think, is the date on which the statutory period is to expire, not the date on which it begins to run. Prior to the amendment of 1917, at least, the thought uppermost in the mind of the Legislature was that, as a general rule, the filing of a memorandum should not be permitted after the lapse of the specified time. If, as indicated in *Vicente* v. *Malavé, supra,* any extension of the time within which a memorandum may be filed is a matter within the sound discretion of the court, then, *a fortiori,* it would seem, the court must have an equally broad or broader discretion when called upon to relieve a party in a proper case from what otherwise might be the consequences of a premature filing.

In a motion for leave to amend the original memorandum, defendants pointed out that the original memorandum had been filed within ten days after judgment as required by the new law in force at the time, while the amended memorandum would be filed after the expiration of the statutory period. Hence, defendants disavowed any intention of filing the amended memorandum as a substitute for the original, and asked that they should not be deemed to have abandoned the original. The same judgment which dismissed plaintiff's action (as to those defendants whose names had been eliminated by this court from the judgment of the district court with costs to such defendants) awarded costs to plaintiff as to another defendant whose name had not been

eliminated from the judgment of the district court. Plaintiff at the time of filing its motion to strike the memorandum of defendants, appellees herein, also filed its memorandum of costs for the purpose of having such costs taxed against the other defendant as to whom the action had not been dismissed. Thus, while plaintiff was insisting upon the motion to strike defendants' memorandum as having been prematurely filed, defendants were contending—or at least one of them was contending—that plaintiff's memorandum was, under the new law, too late. All of the defendants were, and from the commencement of plaintiff's action had been, represented by the same attorney. He could not consistently insist that plaintiff's memorandum had been filed after expiration of the statutory ten-day period and at the same time admit that the original memorandum filed by him on behalf of all but one of the seven defendants was premature.

The reasons which prompted the premature filing of the original memorandum and those which prompted the disavowal of any intention to abandon the same, contained in defendants' motion for relief to amend, were equally obvious and satisfactory. Plaintiff was not prejudiced in any substantial right, either by the approval of the amended memorandum, or by the overruling of the motion for rehearing. The result below was right and should not be disturbed.

The orders appealed from will be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.