UNITED PORTO RICAN SUGAR COMPANY OF PORTO RICO, demandante y apelante, *v.* SUCESIÓN DE PEDRO SÁNCHEZ, demandada y apelada.

Núm. 7615.—*Sometido:* Diciembre 9, 1938. *Resuelto:* Enero 27, 1939.

*González Fagundo & González, Jr.,* abogados de la apelante; *Luis Lloréns Torres,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

En el caso de *United Porto Rican Sugar Co. of Porto Rico v. Sucesión de Pedro Sánchez,* 51 D.P.R. 195, se modificó la sentencia dictada a favor de la demandante, eliminándose de ella los nombres de ciertos demandados—Monserrate Concepción Correa, Merminuta, María de Jesús, Juliana, Sebastiana y Simona Sánchez—y, así modificada, se confirmó. En abril 27, 1937, 51 D.P.R. 929, este tribunal modificó nueva-

mente la sentencia de la corte de distrito desestimando el recurso en cuanto a los demandados arriba citados, con costas. En una comunicación fechada el 7 de mayo, dirigida por el secretario de este tribunal al secretario de la corte de distrito, se decía que el mandato se incluía con la misma.

En mayo 6, los demandados radicaron en la corte de distrito un memorándum de costas y notificaron el mismo a los letrados de la demandante. El 8 de mayo, la demandante solicitó se eliminara este memorándum por haber sido presentado fuera de término. El 12 del mismo mes los demandados radicaron un memorándum enmendado, completo de por sí, y lo notificaron a la demandante.

Luego de una vista, la corte de distrito resolvió que cuando por error se ha radicado un memorándum prematuramente y más tarde, antes de expirar el término, el mismo memorándum es radicado nuevamente o se radica un memorándum similar, el memorándum posterior de costas debe quedar en pie.

La teoría de los demandados fué que el memorándum había sido radicado debidamente dentro de los diez días de dictada la sentencia de este tribunal de conformidad con las disposiciones de la "ley para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil y para otros fines," aprobada el 11 de mayo de 1936 (leyes de ese año, pág. 353). En esto están equivocados. Véanse *Mason* v. *White Star Bus Line,* 53 D.P.R. 337; y *Díaz* v. *Ramos,* 54 D.P.R. 3. En moción de reconsideración, sin embargo, el letrado de los demandados insistió en que en todo caso, el segundo memorándum, es decir, el enmendado, aprobado por la corte de distrito, había sido radicado dentro del período estatutario.

La apelante sostiene que la corte de distrito carecía de jurisdicción y por ende que cometió error al aprobar el memorándum y al declarar sin lugar la moción de reconsideración. La apelante no cita autoridad alguna en apoyo de esta contención. Los apelados no han radicado alegato.

En *Servera* v. *Pedrosa*, 46 D.P.R. 178, este tribunal confirmó una resolución de la corte de distrito declarando con lugar una moción para eliminar un memorándum de costas, 1, porque una orden anterior de sustitución se había dejado sin efecto, y 2, porque el memorándum había sido archivado prematuramente. Este tribunal resolvió que después que la corte de distrito dejó sin efecto su orden anterior, la parte peticionaria no tenía status ante la corte y que en su consecuencia el memorándum había sido propiamente eliminado. Esto prácticamente resolvió la apelación en dicho caso. Argumentando—en respuesta a una cuestión suscitada por la apelante—este tribunal dijo lo siguiente:

"En los casos de *Empresa Teatral Ponceña* v. *Municipio de Ponce*, 30 D.P.R. 539, y de *Noriega & Álvarez* v. *New York & Porto Rico Steamship Co.*, 33 D.P.R. 557, hemos resuelto que una corte carece de jurisdicción para conocer de un memorándum de costas que se le presente prematuramente; doctrina que es aplicable al presente caso por haber sido radicado el memorándum de costas antes de recibirse en la corte la sentencia dictada en apelación, ya que la ley dispone que si la sentencia de la corte ha sido apelada, como lo fué en este caso, se presente el memorándum de costas dentro de los diez días siguientes a haber sido registrada en la corte inferior la sentencia dictada en apelación.

"La corte inferior tenía jurisdicción sobre las personas en este caso pero como no la tenía para conocer del memorándum de costas, según hemos resuelto, la impugnación hecha a las partidas del memorándum no le concedió una jurisdicción de que carecía; y como la falta de jurisdicción por razón de la materia puede ser alegada en cualquier tiempo, tal alegación de los demandados, aunque hecha después de los diez días concedidos por la ley para imponer el memorándum de costas, era admisible."

En *Empresa Teatral Ponceña* v. *Municipio de Ponce*, supra, la corte de distrito había dicho:

". . . . Y visto el artículo 339 de la Ley Núm. 15 aprobada por la Asamblea Legislativa de 19 de noviembre de 1917 (Leyes de 1917, (2) pág. 229), que trata sobre costas, la corte es de opinión que dicho memorándum ha sido radicado antes del plazo que marca la

ley, y resuelve que el mismo debe ser eliminado por los motivos expresados.

"Fundamento de derecho: *'Sellick* v. *De Carlow,* 95 Cal. 644.' " (Pág. 540)

Al decidir el recurso de apelación este tribunal se expresó así:

"Sostiene la parte apelante que si bien es verdad que el memorándum era prematuro, la corte no carecía de jurisdicción y que habiéndose planteado una cuestión de jurisdicción, ésa y no otra fué la que debió decidir la corte. Que si el demandado se hubiera limitado a pedir la eliminación del memorándum por prematuro y la corte la hubiera decretado, él hubiera podido presentar de nuevo, en tiempo, su memorándum.

"La sentencia se dictó el 9 de septiembre. De acuerdo con la ley sería firme treinta días después y dentro de los diez días siguientes es que debió presentarse el memorándum. Esto lo admite el apelante. El memorándum se archivó el 24 de septiembre y la impugnación tiene fecha 27 del propio mes y en ella se dijo, después de fijarse los días en que se dictó la sentencia y se archivó el memorándum, 'especialmente por ello alegamos que la corte no tiene jurisdicción para conocer de dicho memorándum, y resolverlo, por haberse presentado fuera de tiempo.'

"La demandante tuvo, pues, una amplia oportunidad para corregir su error ya que la cuestión fué abierta y claramente suscitada cuando ni siquiera era firme la sentencia. Ella prefirió seguir actuando bajo la base del memorándum archivado y tiene que sufrir las consecuencias de sus propios actos.

"La corte es verdad que tenía jurisdicción sobre el pleito y sobre la materia de las costas impuestas en él por ella misma, pero el memorándum se presentó e impugnó en un término en que la corte no tenía facultad para considerarlo y su resolución eliminándolo era la lógica y procedente y estaba necesariamente comprendida dentro de la cuestión suscitada por la parte demandada.

"El caso de California citado por el juez, *Sellick* v. *De Carlow,* 95 Cal. 644, es más fuerte que el que está sometido a nuestra consideración porque allí el memorándum se archivó antes de registrarse la sentencia, pero el principio envuelto es similar.

"Debe confirmarse la resolución apelada."

De la opinión emitida en el caso de *Noriega & Álvarez* v. *N. Y. & P. R. SS. Co.*, supra, tomamos el siguiente extracto:

". . . . Este precepto es claro y por tanto habiendo sido presentado el memorándum de costas en este caso antes de ser recibida en la corte inferior nuestra sentencia confirmatoria, su radicación fué extemporánea y debió ser eliminado como pidió el demandante. Así lo hemos resuelto antes de ahora en el caso de la *Empresa Teatral Ponceña* v. *Municipio de Ponce*, 30 D.P.R. 539.

"Alega, sin embargo, el apelado que por haber pedido el demandante una prórroga de diez días para alegar contra dicho memorándum estaba impedido de solicitar su eliminación porque así evitaba que el demandado pudiera radicar en tiempo otro memorándum. No creemos sostenible ese argumento porque la petición de prórroga no privó al demandante de su derecho para hacer todas las alegaciones que estimare convenientes.". (Pág. 558)

En *Vicente* v. *Malavé*, 39 D.P.R. 376, el memorándum fué radicado después de haber expirado el término dentro del cual debió haberlo sido. Refiriéndose al período estatutario fijado por el artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado en 1917, volumen II (leyes de ese año, pág. 229), este tribunal dijo:

". . . . No se trata de un precepto directivo, sino claramente mandatorio. Y aquí el memorándum no sólo no se presentó dentro de los diez días, sino que levantada la cuestión ni siquiera se trató de explicar por qué no se había dado cumplimiento al precepto legal indicado. Artículo 339 del Código de Enjuiciamiento Civil tal como quedó enmendado por la Ley Núm. 15 de 1917, Leyes de 1917, Vol. II, 229. No se solicitó prórroga del término.

"La jurisprudencia sostiene la conclusión a que hemos llegado, como puede verse del siguiente resumen de la misma que tomamos de Corpus Juris. Es así:

" '*Término para la radicación.*—El término para la radicación de un memorándum de costas generalmente está regulado por estatutos o reglas de la corte, cuyo fin es limitar el período dentro del cual puede determinarse la cuestión de costas, en caso de que las haya. Los estatutos por lo general disponen que el memorándum de costas debe ser radicado dentro de determinado período después de dictarse sentencia, o de haberse dictado el veredicto, o de haberse hecho la notificación de la sentencia; y según algunos estatutos el memorán-

dum de costas debe ser notificado a la parte contraria. Aunque hay algunas excepciones, generalmente se ha resuelto que el dejar de radicar el memorándum de costas dentro del período prescrito por el estatuto o por la regla de la corte equivale a una renuncia del derecho a las costas, y que ello autoriza la eliminación del memorándum, a menos que el término para la radicación del mismo sea prorrogado, a no ser que se haya renunciado la objeción a haberse dejado de radicar el memorándum en tiempo, como puede ocurrir, o a menos que se presente una buena excusa para no haberse radicado el memorándum de costas en tiempo. Está dentro de la discreción de la corte sentenciadora determinar qué constituye una buena excusa.' '' (Pág. 379)

En *Sanders Phillippi, S. en C.* v. *Viuda de Baigés e Hijos,* 32 D.P.R. 855, la corte de distrito declaró con lugar una moción para eliminar un memorándum de costas unos dos días después de dictarse sentencia basada en una estipulación al efecto de que si no se llegaba a un arreglo dentro de determinado período de tiempo podía dictarse sentencia a favor de la demandante. El artículo 339 del Código de Enjuiciamiento Civil, tal cual fué enmendado en 1917 (Ley núm. 15 de 1917, (2) pág. 229), dispone la radicación de un memorándum de costas ''dentro de los diez días siguientes al en que haya vencido el término para apelar de la sentencia dictada.'' No menciona una sentencia contra la cual no cabe recurso de apelación. No hace distinción alguna entre tales sentencias y las sentencias de las cuales puede apelarse. No obstante, este tribunal ignoró la letra de la ley y resolvió que un memorándum de costas puede ser radicado inmediatamente después de dictarse una sentencia de la cual no puede apelarse y revocó la resolución de la corte de distrito.

No es siempre tan fácil decir si procede o no una apelación. En casos dudosos pueden surgir cuestiones interesantes. Cuando no existe derecho a apelar, ¿comienza a correr el período de diez días inmediatamente después de dictarse sentencia? ¿Estaría fuera de término un memorándum radicado más de diez días después de dictarse sentencia, aunque presentado en el término dentro del cual podría enta-

blarse una apelación, de ser la sentencia apelable? ¿Carecen de facultad las cortes para evitar la penalidad e injusticia que al adherirse ciegamente a una regla inflexible podría infligirse a aquellas partes que de buena fe y en la creencia razonable de que su actuación es legal y propia, radican un memorándum de costas que más tarde resulta haberse presentado prematuramente al decidirse por la corte de distrito o cuando la decisión de la corte de distrito es revocada por este tribunal? Aún no estamos preparados para contestar en la afirmativa éstas y otras cuestiones similares. Conforme indicamos en el caso de *Sanders Phillippi,* supra, (pág. 856) ''en leyes anteriores la parte victoriosa con derecho a las costas estaba obligada a archivar su memorándum dentro de diez días de dictada sentencia final. Esto se creyó ser una inconveniencia y a veces una pérdida de tiempo, especialmente en caso de que la sentencia fuera revocada.''

La fecha importante, a nuestro juicio, es aquélla en que ha de expirar el período estatutario y no la fecha en que empieza a correr. Con anterioridad a la enmienda de 1917, por lo menos, la idea primordial en la mente de la Asamblea Legislativa fué que, como regla general, la radicación de un memorándum de costas no debe permitirse una vez transcurrido el lapso de tiempo especificado. Si, según se indica en el caso de *Vicente* v. *Malavé,* supra, el prorrogar cualquier término dentro del cual puede radicarse un memorándum de costas es cuestión que cae dentro de la sana discreción de la corte, entonces, *a fortiori,* parecería que la corte debe tener una discreción igualmente amplia, o aún más amplia, al ser llamada a ejercitarla, para exonerar a una parte en un caso adecuado, de aquello que, al no procederse así, podría ser el resultado de una radicación prematura.

En una moción solicitando permiso para enmendar el memorándum original, los demandados indicaron que el memorándum original se había radicado dentro del término de diez días después de dictarse sentencia, según exigía la nueva ley entonces en vigor, mientras que el memorándum enmen-

dado sería radicado después de vencido el período estatutario. En su consecuencia, los demandados negaron haber tenido intención alguna de radicar el memorándum de costas enmendado en sustitución del original y solicitaron que el mismo no se considerara como un abandono del original. La misma sentencia que declaró sin lugar la acción de la demandante (en cuanto a aquellos demandados cuyos nombres habían sido eliminados por este tribunal de la sentencia de la corte de distrito, con costas en favor de tales demandados) concedió costas a la demandante en contra de otro demandado cuyo nombre no fué eliminado de la sentencia de la corte de distrito. La demandante, al tiempo de radicar su moción para que se eliminara el memorándum de los demandados, aquí apelados, también radicó su memorándum de costas a fin de que se impusieran las mismas al otro demandado contra quien el recurso no había sido declarado sin lugar. Así, pues, mientras la demandante insistía en su moción para que se eliminara el memorándum de los demandados por haber sido radicado prematuramente, los demandados sostenían —o por lo menos uno de ellos lo hacía—que el memorándum de la demandante, bajo la nueva ley, había sido radicado fuera de término. Todos los demandados estaban, y desde la iniciación del recurso por la demandante lo habían estado, representados por el mismo letrado. Éste no podía insistir consistentemente en que el memorándum de costas de la demandante se había radicado después de transcurrido el período estatutario de diez días y al mismo tiempo admitir que el memorándum original por él radicado en favor de todos menos uno de los siete demandados era prematuro. Las razones que causaron la radicación prematura del memorándum de costas original y aquéllas que ocasionaron el rechazo de cualquiera intención de abandonar el mismo, contenido en la moción de los demandados solicitando permiso para enmendar, eran igualmente obvias y satisfactorias. La demandante no fué perjudicada en ningún derecho substancial, ni con la aprobación del memorándum enmendado ni al decla-

rarse sin lugar la moción de reconsideración. El resultado logrado en la corte inferior fué acertado y no debe ser alterado.

*Las resoluciones apeladas deben ser confirmadas.*

El Juez Presidente Sr. Del Toro no intervino.